THE STATE v. LEEPER, *Appellant.*

**Reasonable Doubt**: INSTRUCTIONS.  The court instructed the jury that before they convicted defendant they ought to be satisfied of his guilt beyond a reasonable doubt.  *Held*, that it was not for the defendant to complain that the court failed to add that such doubt ought to be a substantial doubt touching his guilt and not a mere possibility of his innocence.  If defendant desired *this* addition to the instruction he should have asked for it.

*Appeal from Wayne Circuit Court.*—HON. R. P. OWEN, Judge.

AFFIRMED.

*C. D. Yancey* for appellant.

*D. H. McIntyre*, Attorney General, for the State.

PHILIPS, C.—The defendant, George W. Leeper, was indicted for selling liquor as a dramshop keeper on Sunday. The evidence fully sustained the charge.  Defendant was found guilty and brings the case here on appeal.  He complains of the following instructions given by the court of its own motion :

1.  If the jury are satisfied from the evidence in the case, that defendant did, in Wayne county, State of Missouri, at any time within one year next before finding the indictment in this case, on the first day of the week, commonly called Sunday, sell any of the liquors described in the indictment, they ought to find him guilty, and assess his punishment to a fine of not more than $50.

2.  Before the jury convict the defendant they ought to be satisfied, beyond a reasonable doubt, that the defend-

ant did, in Wayne county, State of Missouri, at some time within one year next before the finding the indictment, on the first day of the week, commonly called Sunday, sell liquor of some kind described in the indictment.

The first instruction is in common form and unobjectionable.

The criticism made by counsel on the second instruction is, that the court erred in directing the jury to acquit in case of a "reasonable doubt," without in explanation adding that " such doubt ought to be a substantial doubt touching the prisoner's guilt, and not a mere possibility of his innocence." In support of this somewhat novel position, for a defendant at least, we are referred to the case of *State v. Heed,* 57 Mo. 252. The syllabus would seem to justify the assumption of counsel, but an examination of the case will not. The first instruction given for the State is substantially the same as the one in question; and if there had been nothing more in the case there would have been no error. The vice was in the second instruction given for the State, in which the jury were told they could not acquit on " a mere possible doubt." Wagner, J., says: " It should have been followed by a more precise and accurate explanation of the terms, so as to have prevented misapprehension, as was done in the case of *State v. Nueslein,* 25 Mo. 111." Evidently this criticism referred to the second instruction, and not to the first. When the court undertook in that case to define what reasonable doubt was, it should have conformed to the principle laid down in the *Nueslein case,* instead of saying, as it in effect did, that it was not a mere possible doubt. There is nothing in the *Nueslein case* to support the idea that it is error to instruct the jury, that before they can convict, they must be satisfied beyond a reasonable doubt, of defendant's guilt. Such is the recognized rule in criminal practice. Its use in the form employed by the court in the case under review, is almost canonized. It has never been manifest to my mind that it is so liable to misunderstanding or confusion as the

explanation in the *Nueslein case*. It is not unworthy of observation that the explanation given by the trial court in the *Nueslein case*, while sustained by the Supreme Court, did not wholly escape criticism on account of the employment of the word "substantial." The court say : "The instruction in relation to doubt is the law, although the word 'substantial' is seldom used in connection with it. It means a real doubt of defendant's guilt, not a mere possibility of his innocence. The common phrase is 'reasonable doubt' of the defendant's guilt. If there be such the jury must acquit. We cannot say that the jury were misled by the court informing them that the doubt must be a 'substantial doubt.' " From which it is manifest, that the learned judge, who delivered the opinion, would have been better satisfied had the instruction said : "It means a real doubt of the defendant's guilt; not a mere possibility of his innocence." The profession generally have regarded the explanatory or qualifying part of that instruction as less favorable to the defendant than the common phrase. It is, therefore, not to be maintained that the trial court erred against the defendant, because it did not of its own motion supplement the instruction with the explanatory clause. If the defendant really desired the assumed benefit of the enlarged instruction he should have asked for it. He cannot now be heard to complain of a reasonable doubt accorded him by the court, *ex.gratia*, especially in a case where there was no conflict of testimony.

The indictment, under the authority of the decision in *State v. Nations*, 75 Mo. 53, is good.

Finding no error in the record, the judgment of the circuit court is affirmed. All the commissioners concur.