State v. Wheeler.

STATE OF MISSOURI, Respondent, v. J. A. WHEELER, Appellant.

### St. Louis Court of Appeals, March 4, 1901.

Criminal Law: SELLING LIQUOR WITHOUT A LICENSE: IN-
STRUCTION ON REASONABLE DOUBT. An instruction on rea-
sonable doubt, in a case of misdemeanor, which tells the jury "they
should be satisfied beyond a reasonable doubt of the guilt of defend-
ant before convicting him," is sufficient, although it failed to define
the legal significance of the phrase "reasonable doubt."

Appeal from Howell Circuit Court.—*Hon. William N.
Evans,* Judge.

AFFIRMED.

#### STATEMENT OF THE CASE.

Defendant was convicted for the unlawful sale of intoxi-
cating liquor to a minor.   On the trial there was evidence
tending to show that the minor, in company with his brother who
was of age, went into the dramshop of defendant; that the
elder brother asked for whiskey for the two, which was set out;
that the two brothers partook of the beverage, and the price,
twenty cents, was paid by the minor.   There was proper proof
of the venue and that the transaction had occurred during the
time within which an indictment could be found.

For defendant, there was evidence tending to show that
the sale in question was malt, and not beer or whiskey; that it
was made to the elder brother, who in reply to a question as to

the non-age of the minor, said "he was all right, he would fix that."

*Orchard & Saye* for appellant.

The first instruction given by the court is erroneous for the reason that it fails to define "reasonable doubt." State v. Christian, 66 Mo. 138, pp. 142 and 143; State v. Blue, 136 Mo. 41.

BOND, J.—The first point made in defendant's appeal is the alleged insufficiency of the evidence to sustain the verdict. This is shown to be wholly untenable from the foregoing statement of the evidence adduced on the trial.

The next complaint is, that the instructions given by the court, while correctly stating the rule that there could be no conviction, unless the jury were satisfied "from all the facts and circumstances in evidence beyond a *reasonable doubt*" of defendant's guilt, yet wholly failed to define the meaning of the terms "reasonable doubt." If the present prosecution was one for a felony, undoubtedly the criticism of the instruction would be well taken. R. S. 1899, sec. 2627; State v. Clark, 147 Mo. 20; State v. Blue, 136 Mo. 41. But the defendant in this case was prosecuted for a mere misdemeanor, and it has been held by the Supreme Court of this State that the conviction for such an offense (in that case selling liquor as a dramshop-keeper on Sunday), will not be reversed for an instruction telling the jury they should be satisfied beyond a reasonable doubt of the guilt of defendant before convicting him, but which wholly failed to give any definition or explanation whatever of the legal significance of the terms "reasonable doubt." The ground of the decision in that case was that the record showed the defendant did not ask the court to give

the legal meaning of these words, wherefore, it was not required so to do.     State v. Leeper, 78 Mo. 470.

In the case at bar, the defendant made no request for any instructions. Under the authority of the case cited, it is our duty, therefore, to hold that he is not in a position to complain of the instruction under review.

The judgment in this case is, therefore, affirmed.     All concur.