# STATE OF MISSOURI, Respondent, v. BENNETT WALKER and BOB BARNES, Appellants.

### Springfield Court of Appeals, February 14, 1921.

1. **CRIMINAL LAW: Use of Word ''Defendant'' in Singular Instead of Plural, not Reversible Error.** It was not reversible error for the court to use the word "defendant" in the singular number in an instruction, when it should be in the plural.

2. **————: Failure to Request Further Instruction as to Credibility of Witnesses Prevented Complaint.** In a prosecution for simple assault, an instruction that in determining what weight and credibility jury should give the witness they might consider the character of the witness, his or her manner on the stand, his or her interest, if any, his or her relations to or feelings for defendants, was not erroneous in failing to go further and say, "relations to or feelings for the defendants or injured party," in the absence of a request for such instruction.

3. **ASSAULT AND BATTERY: Evidence Held Admissible to Show Motive.** In a prosecution for assault, evidence that prosecuting witness had lived in defendant's house and had been at work for him, and that defendant sued him for possession, and that the suit was pending at the time of the alleged assault, was admissible as tending to show motive on the part of the defendant.

4. **CRIMINAL LAW: No Complaint as to Admission of Evidence, where all Objections were Sustained.** Complaint cannot be made about the admission of evidence, where the court sustained all the objections that were made.

5. **————: Severance a Matter of Discretion, not Disturbed unless Abused.** Revised Statutes 1919, section 4004, makes the question of severance in misdemeanors discretionary with the court; and, like other matters of discretion, action of court in refusing to sever will not be disturbed, unless that discretion is abused.

6. **————: Consolidation after Severance not Error.** Where defendants were jointly informed against in an information for assault, and severance was granted before the charge had been reduced to a misdemeanor, court did not err in ordering a consolidation, on prosecuting attorney's motion, under Revised Statutes 1919, section 4004.

7. ———: **Not Province to Pass on Weight of Evidence on Appeal.** It is not the province of the appellate court in a criminal case to pass on the weight of the evidence; and where there is substantial evidence in the record to support the verdict, it will not be disturbed.

Appeal from Circuit Court of New Madrid County.— *Hon. Sterling H. McCarty*, Judge.

AFFIRMED.

*C. S. Hale, J. V. Baker* and *McKay & Medling* for appellants.

*J. S. Smalley* for respondent.

BRADLEY, J.—Defendants were charged by information with felonious assault, and were tried for and convicted of common assault, fined $100 each, and have appealed. The charge against defendants is based upon section 4481, Revised Statutes 1909, now section 3262, Revised Statutes 1919. The prosecuting witness, C. A. Hayes, and his son-in-law, Ed. Cook, were taken from their home about midnight, July 23, 1919, and tied to a tree and whipped. Defendants complain of the instructions, the admission of evidence, and the order of the court consolidating the cases after a severance had been granted, and they also contend that there is no substantial evidence to support the verdict.

The instructions complained of are two and seven. We find no error in instruction number two, and none is pointed out except that the word *defendant* appears in the singular number when it should be in the plural. We do not think that this error misled the jury. Instruction seven is on the credibility of witnesses, and the complaint is that it fails to include the injured party where reference is made to the relation and feelings of witnesses. The jury were told by the instruction that in determining what weight and credibility they would give a witness that they might "take into consideration

the character of the witness, his or her manner on the stand and of testifying, his or her interest, if any, in the result of the case, his or her relation to, or feelings for the defendants." Defendants contend that this instruction should have gone further and said "relation to or feelings for the defendants or injured party." The defendants were tried for a misdemeanor, the prosecuting attorney having waived the felony charge. Defendants requested no instructions. If they desired that the jury's attention be directed to the relation and feelings of the witnesses to the prosecuting witness they should have asked for such an instruction. [State v. Leeper, 78 Mo. 470.]

Defendants complain that certain evidence was admitted over their objection and exception and to their hurt. The prosecuting witness, Hayse, had lived in defendant Walker's house, and had been at work for Walker. Evidence that Walker had sued Hayse for possession, and that the suit was pending at the time of the alleged assault, and of many other circumstances pertaining to the tenancy was admitted as tending to show motive on the part of Walker. We think that in view of the nature of the offense as developed by the evidence and the attendant circumstances this evidence complained of was admissible. Evidence was admitted concerning a conversation that defendant Barnes had in the presence of one Moll. This conversation is supposed to have taken place before the alleged assault, just how long prior is not clear. Barnes is alleged to have said something about some old man "leaving there with stripes on his back." Witness faris who testified concerning this conversation said that he and Barnes were talking about Hayse. The only objection made to this evidence was that "we object to that unless it is connected up with this case." The witness Faris was indefinite and uncertain, and the evidence was not satisfactorily "connected up," but defendants made no further objection, and did not ask its exclusion. Defendant complains about the admission of evidence tend-

to show that a gun was taken from a car at defendant Walker's house the night after the alleged assault. Hayse and his wife testified that those present at their home the night of the assault had a gun. The record shows that the court sustained all the objections that were made to the evidence about a gun being taken from Walker's car. We have examined this record carefully, and find no reason to disturb the verdict on the ground of the admission of evidence.

Defendants urge that it was error to consolidate after they had been granted a severance. Defendants and another were jointly informed against in the information, and the severance was granted before the charge had been reduced to a misdeanor. The Prosecuting Attorney moved for a consolidation after the charge was reduced, and the court made an order consolidating. The Statute, section 4004, Revised Statutes 1919, makes the question of severance in misdemeanors discretionary with the court, and like other matters of discretion will not be disturbed unless that discretion is abused. If the charge originally had been for a misdemeanor and the defendants jointly indicted they could not, as a matter of right, have demanded a severance. We can perceive no error in the action of the court consolidating the cases. The order of consolidation was in effect an order setting aside the order of severance. When election was made to prosecute for a misdemeanor only, the defendants were no longer charged with a felony, and since they were jointly indicted it was, we think, a matter of discretion with the court as to whether defendants should have separate trials, and nothing appears here to show that that discretion was abused.

Defendants in their motion for new trial challenge the sufficiency of the evidence. Hays and his wife testified positively that defendants were present participating in the assault, and on the other hand defendants offered many witnesses including themselves that they were elsewhere on the night of the alleged offense. It is not our province to pass on the weight of the evidence.

There is substantial evidence in the record to support the verdict, and we cannot interfere. The judgment below is affirmed. *Farrington J.*, concurs. *Cox, P. J.*, not sitting.