**STATE of Missouri, Respondent,**

v.

**James Robert CAFFEY, Appellant.**

No. 49364.

Supreme Court of Missouri,

Division No. 1.

Feb. 11, 1963.

Motion for Rehearing and for Transfer to Court En Banc Denied March 11, 1963.

James Robert Caffey pro se.

Thomas F. Eagleton, Atty. Gen., George D. Chopin, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

ELMO B. HUNTER, Special Judge.

James Robert Caffey has appealed from a judgment, entered pursuant to jury verdict, imposing a sentence of twenty years' confinement for the offense of having under his control a narcotic drug, to wit, cocaine hydrochloride, Section 195.020, RSMo 1959, V.A.M.S.

At the trial in the Circuit Court of Greene County, Missouri, the defendant was represented by a licensed and practicing attorney

with law offices in Springfield, Missouri. The defendant did not offer any evidence.

Mrs. Caffey, the defendant's mother, who lived in Springfield, Missouri, testified on behalf of the State that sometime in November, 1960, her son telephoned her from Portland, Oregon, and requested her to rent for him a safe deposit box in a bank, directing her to rent the box in the name of Dr. James Robert Caffey. On November 14, 1960, she rented the safe deposit box for him at Union National Bank in Springfield, Missouri, and listed his name as Dr. James R. Caffey. When asked about her son's use of the title "doctor" defendant's mother stated that when he was about 19 years' old and while working as an orderly or male nurse in a hospital, "they started calling him 'doc.' And then he had a church (The Disciples of Truth) in, oh, Tulsa, Oklahoma, and he got the name of 'doctor' there, and, of course, everybody called him 'doc' and the name has just stuck." She inferred his title was just a nickname.

It was the bank's practice to require a renter to sign a rental contract. However, Mrs. Caffey did not do so, advising that her son would sign it later. She stated she put nothing in the box. When defendant arrived from Portland, she gave him the two duplicate keys which she had received from the bank. She did not return to the bank thereafter, nor did she ever again have the keys.

The written rental agreement which the bank used restricted access to the safe deposit box to the renter and his named deputy if one be named in the rental agreement. It is undisputed that the only way a safe deposit box can be opened, other than by force, is by the combined use of the renter's key and a "guard" key retained by the bank.

A bank attendant testified that on December 5, 1960, defendant came to the bank and signed the rental card for the safe deposit box. He had at least one of the keys in his possession and opened the box. According to the bank records, no one else entered or opened the box until November 28, 1961. On that date the Sheriff of Greene County, acting on information received from one or more persons to whom defendant had confided he was keeping narcotics there, obtained a search warrant and pursuant to it forcibly opened the safe deposit box, finding in it a sealed bottle containing one ounce of cocaine hydrochloride. The parties stipulated that this is a narcotic substance named as a narcotic drug in Section 195.010 RSMo 1959, V.A.M.S., and succeeding subsections.

According to the evidence, defendant had stated the bottle containing the narcotic was his property and had admitted he had put it in the safe deposit box quite a while prior to the time it was discovered, and that he had obtained it from a doctor in Illinois.

The defendant's motion for a judgment of acquittal filed at the close of all the evidence was overruled, and the cause was submitted to the jury. After the unfavorable jury verdict, defendant through his attorney filed a timely motion for new trial alleging seven charges of error. This motion was duly heard, overruled, the defendant given allocution, and judgment entered accordingly.

On this appeal defendant, who was allowed to proceed as a poor person, appeared pro se, orally arguing his cause and submitting a main brief, and a reply brief to the State's brief. He advised the court that although he had counsel on this appeal there was some disagreement between them and that he chose to proceed pro se.

■ It is the established rule that the appellate court and the parties are bound by the record presented for review, and that assignments or contentions of error which are based on matters, which if they occurred, are not shown by the record will not be considered or determined on appeal. State v. Burnett, En Banc, 365 Mo. 1060, 293 S.W.2d 335, 339, cert. den. 352 U.S. 976, 77 S.Ct. 367, 1 L.Ed.2d 326.

Defendant's first two contentions of error in his brief are that the trial court failed to make an effective assignment of counsel; that the court assigned counsel deliberately and deceitfully failed to properly advise defendant of his rights, privileges, immunities and in effect misadvised him in favor of the interests of the State. These two contentions are not mentioned in the motion for new trial and are presented for the first time on appeal.

■ Generally, assignments of error not involving the sufficiency of the information or indictment, verdict, judgment and sentence are not available on appeal unless they have been properly presented to the trial court. S.Ct. Rule 28.02, V.A.M.R.; State v. Smith, Mo.App., 310 S.W.2d 845, cert. den. 358 U.S. 910, 79 S.Ct. 237, 3 L.Ed.2d 231; State v. Brewer, Mo.Sup., 338 S.W.2d 863.

We recognize that a court appointed attorney for personal reasons would be reluctant to charge himself with being incompetent or intentionally remiss in his duties, if such be the case, and that a defendant therefore would be deprived of any opportunity to present such contentions on appeal unless the appellate court would review the matter *on the record before it* under S.Ct. Rule 27.20(c) providing that plain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised in the trial court or preserved for review, or defectively raised or preserved, when the court deems that manifest injustice or miscarriage of justice has resulted therefrom.

■ In accordance with S.Ct. Rule 27.20(c), we have reviewed the record and have not found in it anything that supports defendant's contentions concerning his counsel. These contentions are not self proving, and absent their being substantiated by the record, cannot and do not demonstrate injustice or miscarriage of justice. The bare fact that the jury imposed the maximum sentence under the law on defendant in and of itself does not dem-

onstrate that the trial court failed to appoint reasonably competent counsel or that such counsel failed to conduct himself in a proper manner in his representation of defendant. Cf. State v. Johnstone, Mo. Sup., 335 S.W.2d 199, 206 (16), cert. den. 364 U.S. 842, 81 S.Ct. 81, 5 L.Ed.2d 66; State v. Whitaker, Mo.Sup., 312 S.W.2d 34.

In his motion for new trial and in his appellate brief defendant charges that the verdict, after the jury had deliberated for less than thirty minutes, and in view of the fact that the evidence failed to disclose any aggravating factors in the control of a narcotic, is so excessive as to shock the conscience and is the result of bias, prejudice and passion against the defendant on the part of the jurors.

■■ In a criminal prosecution not involving the habitual criminal act it is primarily the jury's function to assess punishment subject to the power in the trial court to reduce the extent or duration of the punishment assessed by the jury, if in the opinion of the trial court the conviction is proper but the punishment assessed is greater than, under the circumstances of the case, ought to be inflicted. S.Ct. Rule 27.03; State v. Sheard, Mo.Sup., 276 S.W. 2d 191. On appeal, the appellate court will not interfere with the trial court's exercise of its discretionary power in refusing to reduce the sentence imposed by the jury to one of a lesser duration in the absence of a showing that passion and prejudice so clearly appears from the record that the appellate court can confidently say the trial court abused its discretion by declining to reduce the punishment. State v. Laster, En Banc, 365 Mo. 1076, 293 S.W.2d 300.

■ According to the transcript the jury retired to consider its verdict at 3:40 p. m. and thirty-five minutes later returned with it. The evidence presented in the case was brief, uncomplicated and not contradicted. The fact that it took the jury no more than 35 minutes to return with its verdict is not in and of itself a showing of bias, preju-

dice or passion on the part of the jury. See, Section 546.240, RSMo 1959, V.A.M.S.; State v. Payne, Mo.Sup., 342 S.W.2d 950. As stated in State v. Richmond, 321 Mo. 662, 12 S.W.2d 34, 36, "The Legislature in its wisdom has seen fit in defining the powers of a jury to declare that 'when the argument is concluded, the jury may either decide in court or retire for deliberation.' Section 4027, R.S. 1919. * * * The time they may devote to such deliberation if the same is deemed necessary, is left wholly to their judgment. Something more must appear therefore to warrant an interference with a verdict than an alleged brevity of their deliberations. To hold otherwise would be to interfere with their consideration of the facts, in which they are as independent of the court as the judge is of the jury in determining the law."

■ In numerous cases we have held that punishment will not be deemed excessive or the result of passion and prejudice merely because it is the maximum fixed by statute. State v. Mahan, Mo.Sup., 226 S.W.2d 593; State v. McHarness, Mo.Sup., 255 S.W.2d 826; State v. Burton, 355 Mo. 792, 198 S.W.2d 19. In his motion for new trial defendant does not point out any specific circumstances of improper prejudicial actions of witness, court or prosecution in the trial of the case that would cause or explain the claimed excessiveness of the verdict. Nor have we found any in our examination of the record. We are constrained to rule that the contention of error under discussion is without merit.

■ The defendant's next assignment contained both in his motion for new trial and in his brief is that the court erred in giving Instruction No. 1, over the objection of defendant, for the reason that it required a finding of guilty if defendant on November 28, 1961, had control of the narcotic drug, whereas the evidence wholly fails to show that on or about such date defendant had the keys to the safety box containing the narcotic drug or any other means of access to or control over such drug. The evidence showed defendant's mother rented the safety box in his name and at his request. When her son arrived from Oregon she gave him both keys and she has never had them since. On December 5, 1960, defendant signed a contract as renter of the box and used his key to enter it. The bank could not open the safe box with its "guard" key. No one other than defendant entered the box, and there is no evidence defendant did not continue to possess the keys. He placed the cocaine in the safe deposit box "quite awhile" prior to the sheriff entering the box, and it "had been there a long time." This evidence and its reasonable inferences are sufficient to support a jury finding that the defendant on November 28, 1961, did have under his control the described narcotic drug. The fact that the bank had a "guard" key to the box and that both the renter's key and the guard key were necessary to open the box does not change the fact that defendant as the renter of the box and as possessor of the renter's key is the one who may be found to have control over his narcotic drug that he placed and stored therein.

Also before us is defendant's charge that Instruction No. 1–A, the burden of proof instruction, is confusing, contradictory and erroneous because of the inclusion of the words we have italicized below:

"The law presumes the defendant to be innocent, and this presumption continues until it has been overcome by evidence which establishes his guilt *to your satisfaction* and beyond a reasonable doubt; and the burden of proving his guilt rests with the State.

"If, however, this presumption has been overcome by the evidence and the guilt of the defendant established *to a moral certainty* and beyond a reasonable doubt, your duty is to convict.

"If, upon consideration of all the evidence, you have a reasonable doubt of the defendant's guilt, you should acquit;

* ` * *." Instruction No. 1–A also covers the subject that the information was but the formal charge and was not to be taken as evidence of guilt.

■ As early as 1909 this court has provided an approved burden of proof instruction and has recommended its use. In State v. Nerzinger, 220 Mo. 36, 119 S.W. 379, the court set out the instruction as follows: " 'If, upon consideration of all the evidence, you have a reasonable doubt of the defendant's guilt, you should acquit; but a doubt, to authorize an acquittal on that ground, ought to be a substantial doubt touching the defendant's guilt, and not a mere possibility of his innocence.' " The court then commented, "It has often been remarked by this court that this last instruction embodied the true doctrine as to reasonable doubt in criminal causes. As said in State v. Leeper, 78 Mo. 470, its use in this form is almost canonized, and this court has often admonished the circuit courts that it is better to adhere to instructions that have received the approval of this court and not to attempt definitions which add nothing to the meaning of well-understood terms." This approved instruction together with the same admonition to use it was set out in State v. Howard, 324 Mo. 145, 23 S.W.2d 11, 15. We repeat that admonition. See, State v. Cheatham, Mo. Sup., 340 S.W.2d 16, 20, 53 Am.Jur. Sec. 752, p. 562.

■ However, as in both the Nerzinger case and the Howard case, supra, we are unwilling to rule that the instruction before us in its complete context is erroneous. The phrase "to your satisfaction" is used in the *conjunctive* with the phrase "beyond a reasonable doubt" as is also the phrase "to a moral certainty." As so used and joined they do not whittle away or minimize the defendant's rights and the presumption of innocence to which he is entitled. See, State v. Cheatham, supra. Nor as used in the conjunctive do they to any appreciable degree make the instruc-

tion confusing or contradictory. We rule the assignment against defendant.

■ In his brief and for the first time defendant asserts Sections 195.020, 195.050, 195.180 and 195.200 RSMo 1959, V.A.M.S., as applied to the facts established by the State are repugnant to and in violation of defendant's "natural rights" and to certain constitutional provisions. This assertion in any form was never made to or presented to the trial court, and in accordance with the established rule requiring such a contention to be timely presented to the trial court to be preserved for appellate review, will not be considered on appeal.

Defendant's contentions of error V, VI and VII concerning instructions and defendant's motion for a directed verdict of acquittal present matters not set out in the motion for new trial as required by S.Ct. Rule 27.20 and are not preserved for appellate review.

At defendant's request the trial court gave Instruction No. 3 defining the word "control" and requiring that the jury find defendant had such control of the narcotic drug on or about November 28, 1961, or it must acquit him. In essence defendant contends the jury must have disregarded Instruction No. 3 and based its verdict on passion and prejudice. The evidence and its reasonable inferences before the jury on the subject of the control of the drug by defendant was sufficient to support a finding of the mentioned control as defined in Instruction No. 3; hence, there is no merit in defendant's claim that the jury disregarded Instruction No. 3 and reached its verdict on passion and prejudice.

The defendant also contends generally that the information is defective for failure to allege the essential elements of any crime. We have examined the information which is drawn under Section 195.020 RSMo 1959, V.A.M.S., and find no merit in defendant's contention.

Several contentions of error set out in the motion for new trial are not contained in defendant's brief. It is the rule that if the appellant files a brief in the appellate court, assignments of error in the motion for a new trial not presented thereby shall be deemed waived or abandoned. S.Ct. Rule 28.02.

In summary, we have considered all of the points in defendant's brief that are preserved for appellate review and have found them to be without merit. We have found that the information is in proper form and charges the crime for which defendant was convicted; and although there is no challenge in the brief as to other matters for which no assignment of error in a motion for new trial is necessary for appellate review we have reviewed them. The defendant was properly arraigned. The verdict is in proper form. The sentence imposed is within the prescribed statutory limits; allocution was granted, and the judgment is in due form and responsive to the verdict.

Accordingly, the judgment is affirmed.

All concur.