**STATE of Missouri, Plaintiff-Respondent,**

v.

**Leo KING, Jr., Defendant-Appellant.**

**No. 32109.**

St. Louis Court of Appeals.

Missouri.

April 19, 1966.

William P. Russell, St. Louis, for defendant-appellant.

Lawrence Lee, Pros. Atty., St. Louis, James I. Bucher, Allen I. Harris, Asst. Pros. Attys., for plaintiff-respondent.

BRADY, Commissioner.

The defendant was tried upon an information which alleged that he unlawfully and intentionally stole two items of merchandise of a total value of $2.00 from a retail store located in the City of St. Louis. The jury found the defendant guilty and sentenced him to sixty days in the workhouse. He appeals.

There is no serious dispute as to the facts. A store detective observed the defendant lean over a meat counter in the store, unbutton his jacket, and place two packages of meat inside the jacket. The detective went to the store manager and reported what he had observed. In the meantime the defendant had proceeded to the checkout counter where he paid for a bottle of wine. The store manager then asked the defendant if he had anything else to check out, and the defendant answered that he had not. The store manager repeated the question several times and each time received the answer from the defendant that he had nothing else to check out. The store manager then told the defendant that he wanted to speak with him and the defendant was escorted to the back of the store. Upon reaching the rear of the store the defendant took the packages of meat out of his jacket and stated, "You have your meat, now let me go" and tried to leave. He was restrained until the police appeared. The defendant then said he would pay for the packages of meat and leave but was taken to the police station and booked.

The defendant's testimony was that when he came to the check-out counter, he laid the two packages of meat and the bottle of wine on the counter and gave the manager a ten dollar bill to pay for them; that he was given his change and then asked to step to the rear to talk to the manager; and that upon reaching the rear of the store the manager told him to lay his purchases out and called the police.

During the assistant prosecuting attorney's opening statement, the following oc-

curred: "MR. BUCHER: The State will further show you that the officer, patrolman James Metcalf, who has since resigned from the force is unavailable. I might add at this point, though, that there is a patrolman Alexander Catron who is also endorsed as a witness for the State. I interviewed Mr. Catron personally—MR. RUSSELL: I am going to object to any testimony on the part of the Prosecutor. MR. BUCHER: At this point, let me point out that police officer—THE COURT: Let me rule on the objection, Mr. Bucher. MR. BUCHER: All right. THE COURT: The objection will be sustained. MR. BUCHER: Well, at any rate, patrolman Catron had little or nothing to do with it, so I have not produced him in Court. MR. RUSSELL: I am going to object again. THE COURT: Oh, certainly; certainly. Sustained. MR. BUCHER: Well, he is not present, ladies and gentlemen. MR. RUSSELL: The same objection. THE COURT: Sustained."

That portion of Instruction No. 3 relating to reasonable doubt reads as follows: "You are further instructed that the information contains the formal statement of the charge, but is not to be taken as any evidence of the defendant's guilt. The law presumes the defendant to be innocent, and this presumption continues until it has been overcome by evidence which establishes his guilt to your satisfaction and beyond a reasonable doubt; and the burden of proving his guilt rests with the State. If, however, this presumption has been overcome by the evidence, and the guilt of the defendant established to a moral certainty and beyond a reasonable doubt, your duty is to convict. If, upon consideration of all the evidence, you have a reasonable doubt of the defendant's guilt, you should acquit; but a doubt to authorize an acquittal on that ground ought to be a substantial doubt touching the defendant's guilt, and not a mere possibility of his innocence.

The defendant raises three allegations of prejudicial error. He first contends that "the testimony of the prosecuting witnesses was conflicting, misleading, and confusing." Secondly, he urges the trial court erred in not declaring a mistrial due to remarks made during the State's opening statement as to the availability of certain police officers. Lastly, he contends the trial court erred in giving that portion of Instruction No. 3 dealing with reasonable doubt for the reason it gives, in defendant's words, "a roving commission to the jury."

■■■ With regard to the defendant's first allegation of prejudicial error it should be noted that "On appeal this court does not undertake to determine the credibility of witnesses or to weigh the evidence in a criminal case." State v. Williams, Mo., 376 S.W.2d 133, 1. c. 136. Specifications of prejudicial error worded in the fashion of defendant's first allegation of error are insufficient to afford any relief to defendant on appeal. State v. Williams, supra. However, we can determine whether there was substantial evidence, if believed by the jury, to sustain the verdict. State v. Missey, Mo., 234 S.W.2d 777. Disregarding the language in which the allegation of prejudicial error is couched and giving an extremely liberal interpretation to the argument found in defendant's brief with regard to that allegation, we will consider this allegation of error as presenting the issue of whether the evidence was substantial and sufficient to sustain the verdict of guilty. In this regard we need only refer to the testimony of the store detective and the store manager. The detective testified that he saw the defendant place two packages of meat in his jacket. The manager testified that the defendant did not pay for these packages of meat but paid only for a bottle of wine and denied that he had anything else to pay for. Both the detective and the manager testified that upon being taken to the rear of the store the defendant took the packages of meat out of his jacket and attempted to leave. This constitutes substantial evidence which, since it was believed by the jury beyond a reasonable doubt, would sustain a verdict of guilty.

As is apparent from that portion of the assistant prosecuting attorney's opening statement set out earlier in this opinion, the trial court sustained the defendant's objections to the remarks which he now complains should have resulted in a mistrial. That is the extent of the relief the defendant requested. He did not ask that a mistrial be declared nor for any other relief. He contented himself with making the objection and having it sustained by the trial court. Under these circumstances we need not rule whether the remarks were indeed so objectionable as to require the trial court to declare a mistrial as, in any event, defendant cannot now demand relief he did not request of the trial court which, in fact, granted him all the relief he requested.

Concerning his last allegation of prejudicial error, the defendant's argument is, to quote from his brief, "Since that time [the date of the decision in State v. Nerzinger, 220 Mo. 36, 119 S.W. 379] the court has continuously admonished the circuit courts to adhere to the instruction as approved in the State v. Nerzinger (supra)." He urges that "[i]n this case the instruction as given does not follow the instruction of the State v. Nerzinger. * * *" In point of fact there is no real or essential difference between the instruction given in that case and the language which defendant here attacks. In any event, as stated in State v. Nerzinger at 119 S.W. 379, l. c. 383, "* * * the question is, after all, whether this instruction was prejudicial to the defendant." Defendant does not set forth, in specification or argument, in what manner he finds this instruction prejudicial, other than the allegation it gives "a roving commission to the jury." While we are not certain what that attack, used in the reference of this particular instruction, contemplates, suffice it to say we do not find defendant was prejudiced by the giving of this instruction. It is, to all intents and purposes pertinent to this appeal, identical to the instruction approved in State v.

Caffey, Mo., 365 S.W.2d 607, at l. c. 611. The judgment is affirmed.

PER CURIAM:

The foregoing opinion by BRADY, C., is adopted as the opinion of this court.

The judgment is affirmed.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.