STATE of Missouri, Respondent,

v.

Ray W. SMITH, Appellant.

No. 52119.

Supreme Court of Missouri,
Division No. 1.

Feb. 13, 1967.

Norman H. Anderson, Atty. Gen., Jefferson City, Robert B. Curtis, Sp. Asst. Atty. Gen., St. Louis, for respondent.

WELBORN, Commissioner.

This is an appeal from a judgment and sentence of 99 years' imprisonment upon a jury's verdict finding appellant guilty of murder in the second degree.

The appellant was represented at the trial by an attorney of his own choosing. The jury returned its verdict on October 13, 1965. On October 14, 1965, appellant appeared with his attorney and waived filing a motion for new trial and his right to appeal. The trial court thereupon granted allocution and imposed sentence.

A short time later, appellant changed his mind about accepting the sentence imposed and on January 8, 1966, he filed in the circuit court a "Motion for Court Records in Forma Pauperis." In this motion he requested copies of various records in his case. He alleged that the records would verify his contention that he had been subjected to illegal interrogation upon his arrest. He also stated that he had been "blocked from filing his motion for a new trial." The trial court sustained the motion only as to the transcript of the October 14, 1965 proceedings above mentioned.

On March 30, 1966, appellant filed in this court an application for special order to appeal as a poor person. He alleged, among other things, that he was deprived of adequate time to consult with his counsel before being sentenced. The motion was sustained and leave granted to file notice of appeal without payment of docket fee and the notice of appeal was filed.

On May 11, 1966, appellant filed a motion in the circuit court for the appointment of counsel on his appeal, alleging that "he is a pauper in the meaning of the law, without money, stocks, bonds or collateral whatsoever to hire the services of a licensed lawyer * * *." On May 18, 1966, the trial court overruled the motion, noting that the motion was not verified "and stating no facts, only conclusions, as to indigency, and judicial notice being taken that defendant did employ counsel of his own choosing at and during the trial * * *."

Application for appointment of counsel then filed in this court was overruled "without prejudice to defendant's right to file a verified motion in the Circuit Court of Texas County pursuant to S.Ct. Rule 29.01 (c)."

Subsequently, the transcript of the trial proceedings was filed, and appellant filed a pro se brief, alleging, as one of five grounds of error, that he had been denied the right to counsel on his appeal.

Supreme Court Rule 29.01, as amended July 9, 1963, effective March 1, 1964, recognizes the right of an indigent defendant to counsel on appeal and imposes upon the trial court the duty of appointing counsel in a proper case. See Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d

811; Bosler v. Swenson, (8th Cir.), 363 F. 2d 154; Donnell v. Swenson, (W.D., Mo.), 258 F.Supp. 317.

■ Appellant has elected to ignore the suggestion of this court that he file in the circuit court a request for appointment of counsel which would meet the shortcomings found by the circuit court in the first application. In view of the failure of appellant to act in his own behalf and in view of the further fact that the appellant's waiver of his right to file a motion for a new trial and the failure of his trial counsel to file such a motion resulted in a situation in which only the record proper would, in any event, be subject to review on direct appeal, we conclude that the failure to appoint counsel on this appeal does not require that the submission be set aside. We will, therefore, proceed with the review of the matters of record specified by Criminal Rule 28.02.

■ The information properly charges murder in the first degree. The jury's verdict, finding appellant guilty of murder in the second degree, is in proper form. Murder in the second degree being an offense included in the charge in the information, the verdict is responsive to the information. The judgment and sentence is in proper form, the term of punishment being within the limits prescribed for murder in the second degree. § 559.030, RSMo 1959, V.A.M.S.

Appellant, by his pro se brief, has made certain allegations of error, which we have examined to determine whether or not they might afford some basis for relief under Supreme Court Rule 27.20(c).

■ The appellant's objection that he was entitled to a panel of 47 is without merit. The panel of 34 members was adequate. § 546.180, subd. 1(1), RSMo 1959, V.A.M.S.

■ The suggestion that the evidence was insufficient to support the conviction is likewise without merit. The victim of the homicide was Earl Fielder. Appellant had not known Fielder prior to the day of the occurrence. Appellant went with two of his brothers to Fielder's to purchase a truck. At Fielder's request, they brought a bottle of wine and beer which appellant and Fielder drank. Additional wine and beer were purchased and consumed and appellant and his brothers and Fielder made a brief journey in appellant's truck. Difficulties arose between appellant and Fielder about the former's driving and the truck was stopped and appellant and Fielder got out. When a fight appeared imminent, appellant's brothers left the scene and, except for appellant, there was no eyewitness to testify as to the fight.

In his opening statement, appellant's attorney admitted that Fielder received a skull fracture, that many bones were broken in his face; that he had numerous cuts over the face; that his throat was cut crossways and up and down, the jugular vein was cut; that he received knife wounds in the thighs, the groin and scrotum; that he had a bullet wound in his upper right chest; that he died from one or more of such injuries and that the injuries were inflicted by appellant. The knife and gun with which the wounds were inflicted belonged to appellant.

The defense was self defense, with appellant the only witness on the subject. The jury was instructed on murder in the first degree, murder in the second degree, manslaughter and self defense. Obviously the jury could, as it did, reject that defense, and conclude from appellant's admission and the circumstances of Fielder's death that the defendant was guilty of murder in the second degree.

■ The appellant's contention that he was deprived of an opportunity to file a motion for new trial is contrary to the appellant's statement at the proceedings at which such waiver occurred. In any event,

the question would not properly be before us on this appeal.

The judgment is affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.