**Ray W. SMITH, Petitioner,**

v.

**Harold R. SWENSON, Warden, Respondent.**

**No. 1192.**

United States District Court
W. D. Missouri,
Central Division.

Oct. 23, 1967.

Ray W. Smith, pro se.

Norman H. Anderson, Atty. Gen., State of Missouri, Jefferson City, Mo., for respondent.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

Petitioner, an inmate at the Missouri State Penitentiary at Jefferson City, is in custody under a sentence of ninety-nine years imposed by the Circuit Court of Texas County, Missouri.

Petitioner seeks a writ of habeas corpus on two grounds: (1) that he was denied counsel on his direct appeal, reported in State v. Smith, (Mo.1967) 411 S.W.2d 89; and (2) that he was wrongfully deprived of his right to file a motion for a new trial.

As to petitioner's first contention, there is no question but that petitioner has exhausted his available state court remedies. See State v. Smith, supra, 411 S.W. 2d at 91.

The Stipulation of Facts in this case establishes that petitioner was not represented by counsel on his direct appeal, that petitioner was an indigent person at the time of his direct appeal, and that petitioner had properly requested counsel be appointed pursuant to Mo.S.Ct.Rule 29.01, V.A.M.R. This latter fact was apparently not known to the Supreme

Court of Missouri at the time of its decision in petitioner's case.

■■ A conviction cannot stand as a valid basis for confinement where an indigent defendant has been denied the right of appellate counsel. Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967). It is clear, therefore, that petitioner is entitled to the relief he seeks. We so find.

As in cases similar to this, we will defer the issuance of the writ of habeas corpus in order to afford the State of Missouri the opportunity to give petitioner a new appeal with appointed counsel.

■ As to petitioner's second contention, that he was wrongfully deprived of the right to file a motion for a new trial, it is clear that petitioner has not exhausted his available State court remedies. The Supreme Court of Missouri expressly stated that the question was not properly before it in petitioner's direct appeal, 411 S.W.2d at 91–92.

The question of whether petitioner knowingly and voluntarily waived his right to file a motion for a new trial is an important one to petitioner under Missouri's appellate procedure. See Mo.S.Ct. Rules 27.20, 28.01 and 28.02. Because this question may be important as to the scope of petitioner's new appeal, we will follow the practice established in Garton v. Swenson, (W.D.Mo.1967) 266 F.Supp. 726, and defer the issuance of the writ of habeas corpus in the event the Supreme Court of Missouri grants petitioner leave to raise the question by S.Ct. Rule 27.26 motion in his trial court before hearing his new direct appeal with counsel.

For the reasons stated, it is

Ordered that petitioner's petition for habeas corpus should be and is hereby granted. It is further

Ordered that the issuance of the writ shall be withheld for a period of ninety (90) days from the effective date of this order within which time the State of Missouri, acting through its Attorney General, may make appropriate application to the Supreme Court of Missouri to have that Court set aside and vacate its original affirmance of petitioner's conviction on direct appeal, reported in 411 S.W.2d at 89, appoint appellate counsel for petitioner, and grant petitioner a new direct appeal. Should the Supreme Court of Missouri within a reasonable time grant the application, set aside and vacate its original affirmance, appoint appellate counsel for petitioner, and grant petitioner a new direct appeal, the writ shall not issue pending such new appeal. It is further

Ordered that the issuance of the writ shall be withheld in the event the Supreme Court of Missouri should, consistent with the rationale of its orders entered on August 7, 1967 in Garton v. Missouri, Nos. 49,570 and 51,288, set aside and vacate its judgment affirming petitioner's conviction on his direct appeal and reinstate the cause on its docket, it may then defer setting said cause for such period of time as may be reasonably necessary to determine whether petitioner wants to avail himself of the opportunity afforded him by the Supreme Court of Missouri to file a Missouri Rule 27.26 motion in the Circuit Court of Texas County, Missouri. It is further

Ordered that if petitioner, pursuant to orders entered by the Supreme Court of Missouri that are similar in substance to the orders entered on August 7, 1967 in Garton v. Missouri, elects to file a Missouri Rule 27.26 motion in the Circuit Court of Texas County, Missouri, the Supreme Court of Missouri may defer the appointment of appellate counsel and the processing of the new direct appeal until the Circuit Court of Texas County shall have processed the Missouri Rule 27.26 motion pursuant to the provisions of amended Missouri Rule 27.26 and the directions of the Supreme Court of Missouri as contained in the last paragraph the granting or denial of such motion may be consolidated with and heard by the Supreme Court of Missouri with petitioner's deferred new direct appeal. In this event the writ shall not issue pending the determination of the consolidated ap-

peals by the Supreme Court of Missouri. It is further

Ordered that in the event the petitioner is granted a new direct appeal but elects not to file a Rule 27.26 motion, execution of the writ shall be stayed if the Supreme Court of Missouri vacates and sets aside its judgment on petitioner's original direct appeal, shall appoint appellate counsel and proceed to hear and determine the new direct appeal as above indicated. Should, under these circumstances, the Supreme Court of Missouri again affirm the petitioner's conviction in this case, on motion of the petitioner, this Court will reinstate this case on its docket for such further proceedings as may be appropriate. It is further

Ordered that the Attorney General of Missouri keep this Court advised of all steps taken by him and by the courts of Missouri in connection with all action taken in regard to the stay of execution of the writ herein granted.

We commend the service to petitioner by Terence C. Porter, Esq., appointed by this Court. That service has been rendered in the highest tradition of the Bar. Mr. Porter will continue to represent petitioner until new counsel is appointed by the Supreme Court of Missouri.