James Robert CAFFEY, Petitioner,

v.

Harold R. SWENSON, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Respondent.

Civ. A. No. 1228.

United States District Court
W. D. Missouri,
Central Division.

April 11, 1969.

James Robert Caffey, pro se.

Robert C. Danforth, Atty. Gen., Gene E. Voigts, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## ORDER DISMISSING WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

BECKER, Chief Judge.

Petitioner, a Missouri state convict confined in the Missouri State Peniten-

tiary, seeks by his present petition to invalidate his state conviction for possession of a narcotic drug. Leave to proceed in forma pauperis was granted by this Court's show cause order, entered herein on June 3, 1968.

Petitioner states that after pleading not guilty to an information filed in the Circuit Court of Greene County charging him with possession of a narcotic drug, he was afforded a jury trial; that he was found guilty and sentenced to a term of twenty years' imprisonment by that court; that he appealed the judgment of conviction and imposition of sentence to the Missouri Supreme Court, which affirmed the trial court (State v. Caffey, Mo., 365 S.W.2d 607); that he has not filed a motion to vacate, set aside or correct his sentence under Missouri Criminal Rule 27.26, V.A.M.R.; that he has petitioned the Missouri Supreme Court for a writ of habeas corpus but relief was denied; and that he was represented by counsel at his arraignment and plea, at his trial, and at his sentencing but not on his direct appeal.

Petitioner states as grounds for his contention that his present confinement is illegal that he "was denied the effective assistance of counsel on appeal"; that the Missouri Supreme Court's "manner of review" of the record on appeal denied him "equal protection of the law"; that his twenty-year sentence is illegal because "the trial court erred in failing to make and failing to insure that it made an effective assignment of counsel"; that the court-appointed counsel representing him in the trial failed properly to advise him of his "legal and Constitutional rights, privileges and immunities"; that because his "trial counsel failed to provide him with effective assistance of counsel," his defense was prejudiced and resulted in his "forfeiture, abandonment, and waiver of * * * fundamental rights"; that Sections 195.-020, 195.050, 195.180, and 195.200, RSMo 1959, V.A.M.S., are unconstitutional;

that the information filed against him was defective in that it did not "inform the defendant of the nature and cause of the accusation against him"; that the trial court failed properly to instruct the jury under the evidence; and that the evidence did not support the conviction.

Petitioner states in support of his contentions that before he prepared his appellate brief, he requested the trial judge to appoint counsel to represent him on his appeal; that the trial judge replied that the trial court "was not required to appoint counsel for appeals"; and "it should have been the duty of the Missouri Supreme Court to require that counsel be appointed to brief and argue the case on appeal"; that following the filing of a motion for new trial in the trial court, he had a disagreement with his court-appointed counsel concerning the contentions presented therein; that after his disagreement, he notified the "trial judge that he thought his counsel had failed to competently represent him during his trial" and that he wished to raise this issue on his direct appeal; that under the circumstances "the Missouri Supreme Court was required to pass on all questions raised by petitioner in pro se brief;" that Sections 195.020, 195.050, 195.180, and 195.200 of the Missouri Revised Statutes invade petitioner's "natural rights", his rights to liberty, due process, and equal protection of the law and the exclusive right of Congress to regulate "interstate movement of articles"; and that he has no available remedy remaining under state law because all issues presented herein have been presented to and ruled upon by the Missouri Supreme Court. Petitioner states that he has filed no motion under Missouri Criminal Rule 27.26 to vacate, set aside, or correct the conviction and sentence. Petitioner states that he has filed application for a writ of habeas corpus in the Missouri Supreme Court and it was denied with a "minute entry" on July 10, 1967. He also states that in 1966 he filed in the Missouri Supreme Court a

motion to recall mandate affirming his conviction.[1]

The official state report of petitioner's direct appeal, State v. Caffey, *supra*, shows that the following grounds were raised thereon: that the trial court failed to make an effective assignment of counsel; that the "court assigned counsel deliberately and deceitfully failed to properly advise defendant of his rights, privileges, immunities", and in effect wrongfully advised him in favor of the interests of the state; that the sentence was excessive due to bias, passion, and prejudice of the jury and that, therefore, the trial court abused its discretion in failing to reduce the sentence; that instruction no. 1, which required a finding of guilty if defendant on November 28, 1961, had control of the narcotic drug, was erroneous because the evidence failed to show that defendant had keys to the safety box housing the drug on that date, or any other means of access thereto; that the state's burden-of-proof instruction was contradictory and confusing; that Sections 195.020, 195.050, 195.180, and 195.200, RSMo 1959, V.A.M.S., as here applied, are repugnant to the constitution; and that the information upon which he was convicted is defective for failure to allege the essential elements of crime. The Missouri Supreme Court refused to rule upon the constitutionality of Section 195.020 et seq. of the Missouri Revised Statutes because the issues were not "timely presented to the trial court to be preserved for appellate review."

■ It appears, further, that petitioner has an adequate, currently-available remedy under new Missouri Criminal Rule 27.26 (effective September 1, 1967) with regard to all the contentions urged in this petition. The decision of the Supreme Court refusing to rule on the constitutionality of the statutes and ruling on all the other contentions was handed down on February 11, 1963. See State v. Caffey, *supra*. That decision, therefore, antedated the enunciation of federal standards applicable to cases of this type in the trilogy of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770; and Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148. It also antedated the acknowledgment of the applicability of these standards by the Missouri Supreme Court in State v. Pickle (Mo.Sup.) 376 S.W.2d 181, and State v. Herron (Mo.Sup.) 376 S.W.2d 192, and the effective date of the new liberalized Missouri Criminal Rule 27.26, providing for plenary evidentiary hearings where claims of constitutional or statutory defects are made. Petitioner's contention that he was deprived of the effective assistance of counsel at his trial raised a federal issue which could be the subject of such an evidentiary hearing under the new rule 27.26. Similarly, petitioner's challenge of the constitutionality of the Missouri statutes, his contention of the insufficiency of the indictment, and his objection that an erroneous instruction was given by the trial court, as well as the question of ineffective trial counsel, all involve questions of law which should be decided by the state courts applying the federal standards of the trilogy, which were not enunciated when the questions of fact and of law raised in this petition were previously decided or consideration thereof refused by the Missouri Supreme Court on the direct appeal. The new Missouri rule would allow a full evidentiary hearing on these matters, when appropriate, and further provides for a review of the findings by the Missouri Supreme Court, which will now apply current federal standards. See State v. Stidham, Mo., 415 S.W.2d 297. Petitioner, therefore, with regard to these contentions, should file a motion

1. The later response of respondent indicates that this motion was based upon the lack of counsel on direct appeal and was overruled on November 14, 1966. The later denial of habeas corpus by the Missouri Supreme Court by "minute entry" does not constitute exhaustion of state remedies. Cox v. Nash (W.D.Mo.) 226 F.Supp. 87; Rule 91.59 Mo.R.Civ.P.

under Missouri Criminal Rule 27.26 in the state trial court in which he was convicted and should appeal any adverse decision on such a motion to the Missouri Supreme Court before again raising these contentions in this Court by means of a petition for habeas corpus. Section 2254, Title 28, U.S.C. Baines v. Swenson (C.A.8) 384 F.2d 621; Collins v. Swenson (C.A.8) 384 F.2d 623; Hooper v. Nash (C.A.8) 323 F.2d 995, cert. den. 376 U.S. 945, 84 S.Ct. 802, 11 L.Ed.2d 768; White v. Swenson (W.D.Mo. Court en banc) 261 F.Supp. 42; Russell v. Swenson (W.D.Mo.) 251 F.Supp. 196. Accordingly, the petition for habeas corpus as it pertains to those contentions will not be entertained and adjudicated on the merits until petitioner has exhausted his currently available remedies under amended Missouri Criminal Rule 27.26.

■ Petitioner's final contention herein, that he was denied the right to be furnished counsel on his direct appeal, raises a question of the violation of his federally-protected rights. Certified copies of records of the Supreme Court of Missouri, filed by counsel for the respondent, show that petitioner's motion for leave to file motion to recall mandate of that court because of failure to provide counsel on appeal was overruled therein on November 14, 1966. This appeared to have exhausted available state remedies in respect to this contention. Gray v. Swenson (W.D.Mo.) 271 F.Supp. 912. In his initial response to the show cause order entered herein, respondent stated his inability "to show that the petitioner intelligently and knowingly waived his right to counsel on his original direct appeal." Accordingly, the State of Missouri moved the Supreme Court to set aside the affirmance of judgment and give the petitioner a new hearing on appeal, with assistance of counsel. Unwisely, petitioner opposed the motion with one for discharge from custody. Both motions were overruled by the Missouri Supreme Court on July 8, 1968, without statement of reasons. Subsequently, respondent filed herein a "supplemental response" to the show cause order contending that petitioner knowingly and intelligently waived his right to counsel because he "desired to proceed pro se, and informed the Supreme Court of Missouri of this choice as is pointed out in the official state report of Petitioner's direct appeal," where it is stated:

"On this appeal defendant, who was allowed to proceed as a poor person, appeared pro se, orally arguing his cause and submitting a main brief, and a reply brief to the State's brief. He advised the court that although he had counsel on this appeal there was some disagreement between them and that he chose to proceed pro se." State v. Caffey, *supra*, 365 S.W.2d at 609.

At the time this was written neither the Missouri Supreme Court nor the Attorney General of Missouri recognized the federal right to counsel on appeal. See Bosler v. Swenson, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967). Therefore, there could be no waiver as hereinafter explained.

Petitioner then filed an "objection and traverse" to the "supplemental response", stating that he chose to proceed pro se for the reason that he had no other choice. The trial court, which had appointed trial counsel, refused to appoint counsel on appeal, and the state of Missouri then had no provision for the appointment of counsel on appeal. To this situation petitioner addresses the acute question of how he could have "intentionally waived a known right when such right did not exist."

■ Since Bosler v. Swenson, *supra*, the Missouri appellate procedure in effect at the time of petitioner's direct appeal has been held constitutionally defective for failure to provide for the right to counsel on appeal. See also Gray v. Swenson, *supra*; Donnell v. Swenson (W.D.Mo.1966) 258 F.Supp. 317, affirmed (C.A.8, 1967) 382 F.2d 248; Smith v. Swenson (W.D.Mo., 1967) 274 F.Supp. 515. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, *reh. den.* 373 U.S. 905, 83 S.Ct. 1288, 10 L.Ed.2d 200, was the landmark case in which the United States Supreme Court

held that the right to appeal, if given, must be accompanied by the right to counsel for the indigent. The *Douglas* case was made retroactive by Smith v. Crouse, 378 U.S. 584, 84 S.Ct. 1929, 12 L.Ed.2d 1039 (1964), reversing 192 Kan. 171, 386 P.2d 295. The question of waiver, raised here by respondent, is irrelevant where the right was not existent, or known to be existent, at the time of petitioner's appeal. The burden of showing waiver of constitutional right to counsel rests on the state. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70; United States ex rel. Savini v. Jackson (C.A.2) 250 F.2d 349; Wilson v. Wiman (C.A.6) 386 F.2d 968. The important recent case of Fay v. Noia, *supra*, reiterates the definition of "waiver" found in Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466, 146 A.L.R. 357, as "an intentional relinquishment or abandonment of a known right or privilege." In the present case, no right or privilege to have counsel on appeal was known or recognized at the time petitioner had his appeal. Subsequently, in Spaulding v. Taylor (D.Kan., 1964) 234 F.Supp. 747, it was held:

"Petitioner has not forfeited or waived his right to assistance of counsel on appeal. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), would bar any such argument, even if it could be assumed arguendo that Spaulding had factually waived such rights. Under the Noia requirement of an intentional relinquishment of a known right for waiver, any failure to assert rights not known to exist could hardly be deemed a waiver."

While respondent's contention that petitioner waived his right is without merit, it still does not appear that currently available state remedies have properly been exhausted with regard to this contention so as to permit its consideration by this Court at this time. At the time petitioner's first motion to recall mandate affirming his conviction was overruled by the Missouri Supreme Court, Bosler v. Swenson had not been

determined to be retrospective by the United States Courts. The state courts, therefore, took the position that the *Bosler* case did not retrospectively affect appeals finally determined prior to March 18, 1963, the date of the United States Supreme Court's decision in Douglas v. California, *supra*. It was not until the ruling of the Eighth Circuit Court of Appeals in Swenson v. Donnell, *supra*, on August 8, 1967, that *Bosler* was retrospectively applicable and that the Missouri Supreme Court granted relief, in the form of a new appeal with counsel, with respect to appeals finally determined prior to March 18, 1963, which include the original appeal of this petitioner.

While it is true that respondent's second motion to recall mandate was overruled by the Missouri Supreme Court on July 8, 1968, a date subsequent to the *Donnell* decision, it must be noted that petitioner then opposed the state's motion for a second appeal with counsel, claiming the right to unconditional discharge. Such a discharge would not have been required, and was properly denied. Petitioner, therefore, has not exhausted his currently available state remedies with regard to his right to counsel on appeal so as to entitle him to have this contention presently considered by this Court on the merits. Petitioner should withdraw his opposition to respondent's motion to recall mandate of affirmance and grant a new appeal in the Missouri Supreme Court and request to set aside the affirmance and to redocket the appeal. If action adverse to petitioner is taken upon such withdrawal and request, the currently available state remedies with regard to this contention may then be deemed to have been exhausted. No such adverse action appears to be likely.

Meantime, however, this petition should be dismissed without prejudice to the right of petitioner to raise the questions presented herein, other than lack of counsel on appeal, by a motion under Missouri Criminal Rule 27.26, and without prejudice to the right of petitioner to withdraw his opposition to a second appeal with counsel before the Missouri

Supreme Court, and to request a redocketing thereof. It is therefore

Ordered that the petition for habeas corpus herein be, and the same is hereby, dismissed without prejudice.