Melvin MELLER, Petitioner,

v.

Harold R. SWENSON, Warden, Missouri
State Penitentiary, Jefferson City,
Missouri, Respondent.

Civ. A. No. 1418.

United States District Court,
W. D. Missouri, C. D.

Dec. 9, 1969.

Melvin Meller, pro se, petitioner.

John C. Danforth, Atty. Gen., Jefferson City, Mo., for respondent.

## ORDER DENYING PETITION FOR HABEAS CORPUS

BECKER, Chief Judge.

Petitioner, a state convict presently confined in the Missouri State Penitentiary, petitions this Court for a writ of federal habeas corpus to invalidate his state conviction for burglary and larceny. Leave to proceed in forma pauperis was granted by the show cause order entered herein on June 25, 1969.

Petitioner states that, upon his plea of guilty to an information charging both burglary and larceny in one count, he was convicted in the Circuit Court of Cole County; that he was sentenced by that court on April 22, 1952, to a term of four years' imprisonment (two years for burglary and two years for larceny); that he did not appeal from the judgment of conviction nor the imposition of sentence; that he filed a postconviction motion to vacate the convictions under Missouri Criminal Rule 27.26, V.A.M.R., in the trial court which was denied on March 13, 1968; that the denial was affirmed by the Missouri Supreme Court (Meller v. State, Mo., 438 S.W.2d 187); and that he was not represented by counsel at his arraignment and plea and at his sentencing, but was represented by counsel on the Rule 27.26 motion and his appeal from the denial thereof.

Petitioner states the following as grounds in support of his contention that his sentence in the above case was imposed in violation of his federally protected rights:

"(a) Petitioner was not informed about nor accorded his rights against self-incrimination as guaranteed by the fifth Amendment of the United States Constitution and by Article I, Section 19 of the Missouri Constitution.

"(b) Petitioner was not informed about his rights to have the assistance of counsel for his defence, (sic) as guaranteed by the Sixth Amendment of the United States Constitution and by Article I, Section 18(a) of the Missouri Constitution.

"(c) Petitioner was not informed of the nature and cause of the accusation against him, as guaranteed by the Sixth Amendment of the United States Constitution and by Article I, Section 18(a) of the Missouri Constitution.

"(d) Petitioner was not accorded the right to meet the witnesses against him face to face, as guaranteed by the Sixth Amendment of the United States Constitution and by Article I, Section 18(a) of the Missouri Constitution.

"(e) After petitioner was sentenced, petitioner was repeatedly blocked in his efforts to obtain use of an appropriate remedy as guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, Section 14 of the Missouri Constitution."

Petitioner states the following as facts which support his contention that he was unlawfully convicted and sentenced:

"(a) Petitioner was subjected to custodial police interrogation without being told he had the right to remain silent and that any statement he would make could be used against him as evidence. Petitioner was persuaded while in police custody under promise of a brief suspended sentence to plead guilty as charged in the

information without understanding the nature of the crime of which he was accused, the range of punishment therefor or the import of a guilty plea.

"(b) Petitioner requested his mother to hire an attorney to represent him. She was unwilling to mortage (sic) her farm to obtain money for the purpose and otherwise had no sourse (sic) from which to raise money. Petitioner had no money with which to pay an attorney and did not know and was not told that the Court would appoint an attorney to represent him without expense to petitioner. Petitioner did not know that an attorney could still help him even though he had committed himself while in police custody to plead guilty. Without advice of an attorney, petitioner relied upon promises and advice of the prosecuting attorney and waived his preliminary examination in the Magistrate Court and pleaded guilty in the Circuit Court as charged.

"(c) Petitioner could not understand that he was charged with having committed burglary and larceny. He could not interpret the Complaint in the Magistrate Court nor the information in the Circuit Court as stating that he committed these crimes. He was not told by the prosecuting attorney or by the Judge that by pleading guilty as charged he would be pleading guilty to these crimes. A careful reading of said complaint and said information will show language deficiencies which help explain petitioner's failure of understanding. Also, the transcript of the Circuit Court proceedings on March 22, 1952, indicates the Court advised defendant of the nature of a single crime charged against him and the punishment for such crime without naming the crime, but the transcript of the same Court's proceedings on April 22, 1952, shows that petitioner was sentenced for two crimes—two years for burglary and two years for larceny.

"(d) Petitioner was not accorded the right to be confronted with the witness against him, and in the absence of an attorney to advise him, relied upon representations made by the prosecuting attorney and custodial police; nor was he informed that in the search warrant it was alleged the property was taken on a different date than the date on which he was charged of crime in the Magistrate Court Complaint and in the Circuit Court information.

"(e) Repeated requests directed to the Clerk and other officials of Cole County Circuit Court for true copies of the warrant of arrest, complaint in the Magistrate Court, information in the Circuit Court and transcript of proceedings in the Circuit Court have not produced any of these records for petitioner and consequently petitioner has been previously unable to properly prepare motion for appropriate remedies."

In the official report of the affirmance on appeal of the trial court's denial of petitioner's Rule 27.26 motion, State v. Meller, *supra*, and in the files and records submitted by respondent in response to the show cause order issued herein, it appears that all the above grounds relied on by petitioner were considered by the trial court and the Missouri Supreme Court and ruled adversely to petitioner. Petitioner, in his traverse, does not question the accuracy and authenticity of such records. Nor does petitioner or respondent rely on any additional evidence in this proceeding. Therefore petitioner has exhausted his currently available state remedies. The Missouri Supreme Court has denied

his contentions in an appeal from the trial court's denial of relief after an evidentiary postconviction hearing conducted in accordance with the currently available remedy provided by amended Missouri Criminal Rule 27.26 and a review on the record thereof made by the Supreme Court recognizing current federal standards as enunciated in Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; and Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770.

In the proceedings in the state courts, the state trial court made specific findings of fact and applied current federal standards in denying all the contentions of the petitioner. These findings of fact were reliably made in accordance with current federal standards. Townsend v. Sain, *supra*; Noble v. Swenson (W.D.Mo.) 285 F.Supp. 385; Goodwin v. Swenson (W.D.Mo.) 287 F.Supp. 166, 167. The Missouri Supreme Court, on review of the findings, found them to be not "clearly erroneous." This type of review standing alone may not comply with the federal habeas corpus standards. But this Court may independently rely on facts reliably found by the trial court in its application of current federal standards, or in the alternative independently find the facts from all the evidence in the habeas corpus record.

Under the findings so made by the state trial court, and independently made by this Court, it is readily apparent that petitioner's contentions are without merit.

■ First, petitioner states that he was subjected to police custodial interrogation without having been advised that "he had the right to remain silent and that any statement he would make could be used against him." The record reveals, and the state trial court reliably so found, that petitioner made no statement during such interrogation which was used against him in evidence at his trial. The Supreme Court of Missouri properly approved this finding.

■ Second, petitioner further states that his federal rights were violated in that he "was persuaded while in police custody under promise of a brief suspended sentence to plead guilty as charged in the information without understanding the nature of the crime of which he was accused, the range of punishment therefor or the import of a guilty plea." In substance he contends that his plea of guilty was not voluntarily and understandingly made. The rulings of Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed. 977, and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, relied on by petitioner, however, deal directly with admissions or confessions made during custodial interrogation rather than with a plea made in court. Further, they would not apply to this case by virtue of their non-retroactivity. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. The principles of McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, are not retroactive and do not apply to petitioner's plea. Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16. If Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, is construed to require more than appears in this case, the rule of the case has not been held to be retroactive. If it should be construed to require more and also to be retroactive, the Missouri courts should have an opportunity in a new postconviction proceeding to determine its effect on petitioner's contentions. Cf. State v. Pickel, Mo., 376 S.W.2d 181. The allegations that petitioner was induced by promises to plead guilty and that he did not understand the nature of the crime and the range of punishment therefor must be taken as separate contentions of violations of petitioner's federal rights, rather than as rights violated in connection with custodial interrogation. The rule is, without exception, that a plea of guilty must be voluntary and understandingly made in order to support a conviction based thereon. Jackson v. Denno, 378 U.S. 368, 84 S.Ct.

1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205. But the findings of fact reliably made and based upon full testimony of petitioner and the prosecuting attorney of Cole County (who was alleged to have made the promises inducing the plea of guilty) were that no promises were made to petitioner. The prosecuting attorney further testified in the state postconviction hearing that during his pretrial conversations with the petitioner, petitioner impliedly admitted the burglary and larceny by stating that he made two trips to haul all of the material taken. In support of his contention that he did not understandingly and intelligently make his guilty plea, petitioner states that the voluntariness of his guilty plea does not appear affirmatively of record, as is required by the federal standards recently announced by the United States Supreme Court in the case of Boykin v. Alabama, *supra*. As stated above, however, *Boykin* may be inapplicable to this case; and if it is applicable and requires more than appears here, the Missouri courts should have an opportunity subsequently to try this case anew under the additional federal standards imposed. Further, there is no material deficiency in the records of the state court which would support petitioner's claims of entry of pleas involuntarily and without understanding. The records of the state courts reveal the following:

(1) Louis E. Bredeman, who is and was in March 1952 the official court reporter for the state trial court, testified in the post conviction motion hearing that it was the trial judge's invariable practice to explain to every defendant in criminal cases his constitutional rights, his rights to counsel and right to trial by jury. He was unable, however, to find his notes for the day of the sentencing.

(2) Petitioner testified that he knew that pleading guilty meant admitting that he had committed the crimes, although he denied having received the warnings of his constitutional rights, right to counsel or right to trial by jury, stating that he did not understand the range of punishment and claiming that he plead guilty on the prosecutor's promise that he would get a "bench parole".

(3) The prosecuting attorney testified that he did not promise petitioner that he would obtain a parole or probation for him if he would enter a plea of guilty, and that prior to the guilty plea petitioner had admitted commission of the offenses to him.

(4) The minute entry of the clerk shows that petitioner appeared in person and without counsel, was advised of the nature of the charge against him and the range of punishment therefor, and was given an opportunity to exercise his right to counsel; and that the court offered to appoint counsel for the petitioner.

The *Boykin* case, if applicable, does not require a conclusive presumption that the plea of guilty was involuntarily made whenever it is claimed by the defendant in a postconviction proceeding that it was involuntary. Rather, the *Boykin* case requires that the state affirmatively show by the record or by producing other evidence the voluntariness of the plea and also the waiver of counsel and of trial by jury. In quoting from Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70, the Court in *Boykin* notes that waiver of a constitutional right must be shown by the record or that "there must be an allegation and evidence which show" the waiver. 89 S.Ct. at 1712. All the evidence, including the minute entry, the prosecutor's testimony and the court reporter's testimony, when considered with the petitioner's admission, establish the voluntariness of the plea. Therefore, it must be concluded that the state court's findings in respect of this contention have been reliably made and that there was no violation of any constitutional rights

in this regard. Further, the record, including the evidence adduced in the postconviction hearing, establishes that petitioner knew the nature of the charges against him and knew the consequences of the pleas of guilty; that he admitted the facts constituting the charge against him; and that he was informed of the maximum punishment. These facts meet the standards imposed by the *Boykin* case and the other federal standards applicable to this case and distinguish it from the facts involved in the recent decision of this Court in Pedicord v. Swenson (W.D.Mo.) 304 F.Supp. 393.

Petitioner next contends that he was not advised of his right to have counsel appointed for him and therefore did not voluntarily waive his constitutional right to assistance of counsel. The trial court found that petitioner did voluntarily, understandingly and intelligently waive his right to counsel, but on this issue the Missouri Supreme Court applied the following standard to the facts found (at page 192 of 438 S.W.2d):

"* * * the burden of proof rests upon a defendant to establish that he did not competently and intelligently waive his constitutional right to assistance of counsel."

The phrase "burden of proof" is used by the Missouri Supreme Court in its primary sense of the risk of non-persuasion. It is important to note that the phrase "burden of proof" has two meanings which are (1) the risk of non-persuasion which never shifts and (2) the burden of going forward with the production of evidence. IX Wigmore on Evidence (3d ed.) § 2485, pp. 270–271.

When, in a postconviction review, absence of a fundamental federal constitutional right, such as trial by jury or assistance of counsel, appears in a federal or state conviction of a serious offense, the burden of producing evidence of voluntary and understanding waiver of the right shifts to the state or United States. Carnley v. Cochran, *supra*; United States ex rel. Savini v. Jackson (C.A.2) 250 F.2d 349; Riman-

ich v. United States (C.A.5) 357 F.2d 537; Lane v. United States (C.A.5) 373 F.2d 570; Caffey v. Swenson (W.D.Mo.) 298 F.Supp. 994 l. c. 998; Pedicord v. Swenson (W.D.Mo.) Part III, 304 F. Supp. 393 (not yet reported). Failure of the state to produce evidence of waiver would result in a decision in favor of petitioner. Mosley v. Dutton (C.A.5) 367 F.2d 913. The risk of non-persuasion remained on the petitioner. Carnley v. Cochran, *supra*. Thus, to be consistent with Missouri Criminal Rule 27.-26 and current federal standards, "burden of proof," as used by the Missouri Supreme Court, must mean the risk of non-persuasion. The federal standard is that, once the defendant has shown that he has not been accorded a constitutional right (such as the right to a trial by jury), the burden of going forward with evidence of waiver falls upon the prosecution. Carnley v. Cochran, *supra*; United States ex rel. Savini v. Jackson, *supra*; Rimanich v. United States, *supra*; Lane v. United States, *supra*; Caffey v. Swenson, *supra*; Pedicord v. Swenson, *supra*. This burden of going forward with producing evidence of waiver was met by the state's production of evidence of waiver in the postconviction proceedings. Thereupon, the burden fell upon petitioner to prove by a preponderance of the evidence that the waiver was involuntary or unintelligent or lacking in understanding by petitioner. From the context of the statement of the Missouri Supreme Court, it is readily apparent that the second meaning, of "burden of proof", the risk of non-persuasion, consistent with state rules and federal standards, is to be given to the statement. In citing Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, the Missouri Supreme Court acknowledges the presumption against waiver of counsel, but states that a judgment has "a presumption of regularity" (438 S. W.2d at 192) which places the "burden of proof" upon a defendant "to establish that he did not competently and intelligently waive his constitutional right to

assistance of counsel." It is to be noted that the primary burden of proof (the risk of non-persuasion) remains upon the petitioner and the secondary burden of proof (of going forward with the evidence) is on the state. The state court's findings and an independent review of the record by this Court show that the petitioner failed to sustain his burden of proving that there was no intelligent, understanding, and voluntary waiver of counsel. The evidence shows the following on this issue. The court reporter testified that it was the trial judge's practice always to inform the accused of his right to appointed counsel. Furthermore, the clerk's record entry (superintended by the Judge under the requirements of Section 483.140 RSMo 1959, V. A.M.S.) reads as follows:

"February Term, 1952 SATURDAY MARCH 22ND, 1952

"Now at this day comes the Prosecuting Attorney for Cole County, Missouri, and also comes the defendant, in person, in the custody of the Sheriff of this county and in open court, but without counsel, and the Court advises the defendant of the nature of the crime charged against him and of the range of punishment for such crime, and the Court gives defendant an opportunity to exercise his right to be represented by counsel and to consult with a friend concerning his case for a reasonable time, and the Court having informed defendant of his right to counsel and explained wherein the exercise of said right might be of benefit to defendant, and having found that defendant was mentally able and was sufficiently informed to decide his need for counsel, and the Court having offered to appoint counsel for defendant, and the defendant then says he can not deny the charge against him and that he is guilty in the manner and form as charged in the information, and enters his plea of guilty in the manner and form as charged in the information * * *"

While this entry is not conclusive, it is strongly corroborated by other evidence mentioned above.

Opposed to this is petitioner's testimony that he was not informed of his right to counsel. Petitioner's testimony in this respect is partially inconsistent. He reluctantly conceded that he knew the range of punishment was being explained to him but that "They read something off to me, but I didn't understand it." In many other respects, petitioner's testimony in the 27.26 hearing was inconsistent and unsatisfactory. The record thus affirmatively shows, on this Court's independent findings thereon, that petitioner was informed of his right to counsel and accorded an opportunity to avail himself of it, which right he knowingly and intelligently waived.

Petitioner contends that he was not informed by the information of the nature and cause of the accusation against him, that the information was vague and ambiguous and that it fairly charged only one crime instead of the two of which he was convicted by his plea of guilty. The transcript of the record of the original plea, however, shows that the information in one count read as follows:

"James T. Riley, Prosecuting Attorney within and for the County of Cole, State of Missouri, upon his oath of office informs the Court and charges that Melvin Meller on or about the 23rd day of January, 1952, at Cole County, Missouri, did feloniously and burglariously break into and enter a certain store, shop and building of Rudolph Fischer, by forcibly bursting and breaking an outer door and the lock on such door of said building, the same being a store, shop and building in which divers, goods, merchandise and valuable things were then and there kept for sale and deposited, with the intent the said goods, chattels, merchandise and valuable things in said store and building, then and there being, then and there to unlawfully, feloniously and burglariously to steal, take and carry away;

and 2 automobile tires, 1 case permalube motot (sic) oil, 5 cases Falstaf (sic) beer, 2 cases Blatz beer, 15 cartons cigarettes, 22 boxes shotgun shells, 15 pair "Game Brand" gloves and brown jersey gloves, 4 boxes chewing tobacco, 15 cans White Ribbon Vienna Sausage, 16 cans Jack Spratt sliced peaches, 1 gallon can peak anti-freeze, 2 cans Atlas Brake Fluid, 1 flashlight, 1 carton Stag beer, 2 cases 1-pound cans Old Judge coffee, 1 carton Sir Walter Raleigh smoking tobacco, 6 boxes assorted cigars, quantity of Double Thumb gloves, 1 dozen cans sliced pineapple, cans of tomatoes, tomato juice, cans of sardines and sardinettes and candy bars, the personal goods and chattels of Rudolph Fischer, all of the reasonable value of $300.00, then and there in said building being found, did unlawfully, feloniously and burglariously steal, take and carry away, against the peace and dignity of the State." (Tr. 95–96)

■ In Missouri criminal practice it is permissible to combine in one count burglary and larceny following the burglary. This practice does not violate federal standards.

■ The Missouri Supreme Court found as follows on this issue:

"[A]lthough in archaic and jumbled language, the information, fairly read, clearly charges appellant with taking and carrying away certain described merchandise from the building, the property of one Rudolph Fisher (sic) * * * The information clearly charges two crimes: burglary of a store building and larceny of merchandise kept therein." 438 S.W.2d at 192.

It is readily apparent that this finding was reliably made. The facts and conclusions charging the two crimes are clearly set forth. The information clearly charges a breaking and entering in the night time and a taking and carrying away of certain articles which were the personal property of another. The petitioner was informed of the nature of the charges and the range of punishment before he voluntarily entered his plea of guilty to the charges of the information.

■ Petitioner next contends that he was deprived of his constitutional right to confront the witnesses against him. On the face of the pleadings, files and records, it is, however, apparent that there was no trial and that no witnesses were presented. The necessity for calling witnesses was obviated by the petitioner's knowing and voluntary plea of guilty. The contention is properly cognizable in these proceedings only as it implies that a plea of guilty is in one sense the waiver of a constitutional right to a jury trial and that therefore the waiver must be made knowingly, understandingly, intelligently and voluntarily. Johnson v. Zerbst, *supra*. The fact that the plea was in this case voluntary, however, was reliably found by the state courts.[1] In waiving trial by a plea of guilty, petitioner waived the constitutionally guaranteed features of a trial.

■ Petitioner lastly asserts that his appeal or other review of his conviction was "blocked"; that his postconviction requests to the Cole County Circuit Court for copies of the warrant, complaint, information and transcript in this case were repeated and were repeatedly ignored. The Supreme Court of Missouri held that this contention was without merit. Whatever the merit of the contention, it is now moot for the reason that petitioner has been afforded a complete review by virtue of the Rule 27.26 proceedings in the state courts and the habeas corpus proceedings in this

---

1. In his list of facts supporting his allegations, petitioner states that the date of the crime alleged in the warrant was different from that "on which he was charged of crime in the Magistrate Court complaint." The allegation is not intelligible and apparently not meant to be raised formally as a grounds for invalidity of the conviction. The contention is without merit.

Court. On the record here, there is no factual or legal basis for holding federal standards were violated in respect to an appeal.

For the foregoing reasons, it is

Ordered that the petition herein for habeas corpus be, and the same is hereby, denied.