**John Henry NEWMAN, Petitioner,**

**v.**

**STATE OF MISSOURI, Respondent.**

**Civ. A. No. 20441–3.**

United States District Court,
W. D. Missouri, W. D.

Sept. 30, 1974.

---

Robert D. Kingsland, Jefferson City, Mo., for petitioner.

Preston Dean, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## FINAL JUDGMENT DENYING PETITION FOR A WRIT OF HABEAS CORPUS

WILLIAM H. BECKER, Chief Judge.

This is a petition for a writ of federal habeas corpus by an individual formerly [1] in custody at the Missouri State Penitentiary at Jefferson City, Missouri. Petitioner seeks an adjudication that his conviction and sentence were illegally secured and imposed upon him in violation of his federal constitutional rights. Petitioner requests leave to proceed in *forma pauperis*. Leave to proceed in *forma pauperis* has been granted by prior order of this Court on July 20, 1972.

Petitioner states that he was convicted upon his plea of guilty in the Circuit Court of Greene County, Missouri, of first degree robbery; that he was sentenced on that conviction on February 21, 1969, to a term of seven years imprisonment; that he did not appeal from the judgment of conviction and imposition of sentence; that he filed a motion in the Circuit Court of Greene County to vacate the judgment of conviction and sentence under Missouri Criminal Rule 27.-26, V.A.M.R., which was voluntarily withdrawn by the petitioner on October 22, 1969; that he subsequently filed a second motion in the Circuit Court of Greene County to vacate the judgment of conviction and sentence under Missouri Criminal Rule 27.26; that petitioner's second 27.26 motion was overruled without an evidentiary hearing on March 31, 1971; that he then filed a petition for a writ of federal habeas corpus in this Court, which was dismissed without prejudice for failure to exhaust state remedies on August 5, 1971, in Newman v. Swenson, Civil Action No. 19600–3 (W.D.Mo. August 5, 1971); that he appealed the denial of his second 27.26 motion to the Missouri Supreme Court, which affirmed the decision of the Circuit Court of Greene County on June 12, 1972, in Newman v. Missouri, 481 S.W.2d 3 (Mo.Sup. 1972); that he was represented by counsel at his arraignment and sentencing; and that he was also assisted by counsel in the preparation and presentation of his two motions to vacate under Missouri Rule 27.26.

Petitioner states the following grounds on which he bases his claim that his conviction and sentence were illegally secured and imposed upon him in violation of his federal constitutional rights:

"(a) Petitioner was denied due process and equal protection of the law, in that, the trial court failed to determine that petitioner was mentally competent to enter a guilty plea, after petitioner had entered a plea of not guilty by reason of mental defect at the arraingment (sic) and was, in fact, examined by a psychiatrist between the arraingment (sic) and the day the actual plea was accepted; that failure of the trial court to conduct a hearing on the petitioner's competency, prior to the acceptance of the guilty plea, renders this sentence and conviction in violation of the due process and equal protection of the law clause in the Fourteenth Amendment to the Constitution of the United States.

"(b) Petitioner was denied due process and equal protection of the law, in that, the trial court accepted an eqivocal (sic) plea from petitioner —even though it was a guilty plea— and the Record of Sentencing reveals that the plea of guilty is a (sic) eqivocal (sic) plea, where the available defense of insanity, or exclusion of criminal responsibility for the alleged criminal act, due to mental disturbances and mental defects was placed

1. Petitioner was released from the Missouri State Penitentiary at Jefferson City, Missouri on or about November 15, 1973. Petitioner presently resides at St. Louis, Missouri.

in issue by petitioner's Attorney, prior to the assessment of the seven (7) year sentence.

"(c) Petitioner was denied due process and equal protection of the law, in that, the Record of Sentencing reveals that the petitioner was never advised of the ranges of punishment for first degree robbery and fails to show that the petitioner voluntarily entered the plea of guilty, after proper advisement of all the Constitutional Rights being waived by entry of a plea of guilty.

"(d) Petitioner urges and contends that he was given harsher punishment, by the imposition of a much longer imprisonment term that the terms received by his codefendant's (sic) on this same charge, which is contrary to and in direct violation of due process and equal protection of the law, as guaranteed by the Fourteenth Amendment to the Constitution of the United States."

Petitioner states the following as facts in support of his claim that his conviction and sentence were illegally secured and imposed upon him in violation of his federal constitutional rights:

"(a) On January 3, 1969, petitioner's court appointed attorney, Mr. Rittershouse, filed a motion for psychiatric examination, and the motion was granted by the trial court.

"On January 15, 1969, petitioner was taken to a psychiatrist, handcuffed, dirty and unshaven—petitioner had spent 12 days before being taken to the psychiatrist, in what is commanly (sic) called, a 'hole'. After a ten (10) minute interview, petitioner was transported back to the county jail, and placed back in the 'hole' for twenty-nine (29) more days. On February 15, 1969, petitioner's attorney informed him that the examination report had been received and that the psychiatrist had reported that petitioner able to assist in his defense. Please read pages 88, 89, 90, 91, & 92 of Petitioner's Exhibit A.

"Petitioner's attorney expressed the opinion that there was no available defense for me, that there was too much against petitioner. He said the best thing he could do, would be to make a 'bargian' (sic) with the prosecutor, that he could get the prosecutor not to recommend any sentence, if I would plead guilty.

"On February 21, 1969, petitioner entered a plea of guilty. After the trial court had asked certain questions, the trial court accepted the guilty plea. And thereafter, counsel for both sides presented their statements. Petitioner's attorney stated at (sic) a part his statement to the trial court:

'At the same time the doctor's report is replete with the fact that there are psychiatric disturbances in this young man, and yet perhaps we, as a society as a whole, have failed him as much as he has failed us.' Petitioner's Exhibit A, page 54, lines 14 to 17.

"Petitioner asks the Court if it would read pages 54, 55, & 56 of Petitioner's Exhibit A. Through out (sic) petitioner's attorney's statement to the trial court, the attorney repeatedly pointed out to the trial court that petitioner had been placed in a state hospital at Fulton and Nevada, for seven years, from the age 12 to 19 years old.

"Although the trial court knew this, it was repeatedly pointed out to it by petitioner's attorney, therefore, placing in issue the question of petitioner's mental competency.

"(b) Since this point 11(b) is so closely related to 11(a), petitioner relys on the same set of facts placed above. The plea of guilty entered under these set of circumstances, is in actuality, an eqivocal (sic) plea, because petitioner did have a defense, a good defense. Please read pages 23, 24, & 25 of Petitioner's Exhibit A.

"(c) And since this point in (sic) meshed together with 11(b), please use the same facts, and read pages 23, 24, & 25 of Exhibit A.

"(d) Now, petitioner points out to the Court, these facts: that there were, as petitioner is told, four persons involved in this criminal act of armed robbery, the petitioner, Charles Horsey, Donald Wrieght, and Robert Snyder.

"Donald Wright, was given complete immunity from prosecution for becoming a State Witness to testify against petitioner. Since there was no trial of petitioner, Donald Wright did not have to testify. He got something for nothing.

"Charles Horsey, was charged with receiving stolen money, a reduced charged (sic) from first degree robbery. At a later date, he agreed to testify for the State in turn for complete immunity. He never testified against petitioner, because there was no trial.

"Robert Snyder, was also charged with, receiving stolen money, and he was tried by jury trial, who found him guilty, but the trial judge sentenced him to Ninety-Six (96) 'Days' in the county jail, and ordered that he be given credit for time spent in jail, over one-hundred (100) days spent previously in jail. That isn't punishment.

"John H. Newman, petitioner herein, plead guilty, and was sentenced to *Seven (7) Years Imprisonment.*

"Therefore, it is contended that the metting out of punishment is unfair, unjust, unlawful and unconstitutional, and deprived and denied petitioner 'Equal Protection of the Law!'

"There is no way that this can be called equal protection of the law, because the only one punished, was petitioner, while the other three co-defendants?, were given their freedom, and turned loose.

"The only way it could be called fair, would be to call it fair in the name of Communism. And these United States are a Democarcy (sic), with equal protection of the law for all."

On July 20, 1974, this Court entered an order granting the petitioner leave to proceed in *forma pauperis* and directing the respondent to show cause why the petition herein for a writ of habeas corpus should not be granted.

Following the filing of a motion for an extension of time to file a response and the grant thereof by order of this Court dated August 10, 1972, counsel for respondent filed herein on August 10, 1972, his response to the order to show cause, therein stating that petitioner had exhausted his currently available and adequate state court remedies with respect to the contentions raised in the petition herein. As part of the response, counsel for respondent attached and submitted photocopies of the following documents: (1) the transcript of the record on appeal to the Missouri Supreme Court with respect to the appeal from the denial by the trial court of petitioner's second 27.26 motion; and (2) the opinion of the Missouri Supreme Court in Newman v. Missouri, 481 S.W.2d 3 (Mo.Sup.1972), affirming the trial court's denial of petitioner's second 27.26 motion.

On August 14, 1972, petitioner filed herein a *pro se* motion for the appointment of counsel in the case at bar. Thereafter, on November 1, 1972, an order was entered granting petitioner's motion and counsel was appointed to assist the petitioner in this action. That order further requested that appointed counsel file a traverse to respondent's response to this Court's order to show cause.

Following the filing of a motion for an extension of time within which to file a traverse to the respondent's response and the grant thereof by order of this Court on November 24, 1972, counsel for petitioner filed herein on December 7, 1972, his traverse to the respondent's response to this Court's order to show cause.

On October 23, 1973, the undersigned received a letter from the petitioner dated October 19, 1973, wherein the pe-

titioner stated that he had been granted a parole and that he would ". . . be leaving here around the 15th of November, and [that he] would very much appreciate it, if [his] case could be ruled and determined upon, regardless of the decision." In response thereto, an order was entered on November 2, 1973, directing that an evidentiary hearing be set in the case at bar if the petitioner or his appointed counsel informed the Court that such a hearing was requested or desired.

Following appointed counsel's telephonic request for such a hearing, an order was entered on November 6, 1973, setting the evidentiary hearing. The hearing was held on November 9, 1973, during which the petitioner testified under oath.

As a result of that hearing, the undersigned postponed a ruling on the petition herein in order to provide the petitioner with the opportunity to take the deposition of Dr. George S. Parlato, M.D., and to submit the same to this Court. Upon the failure of counsel for petitioner to submit that testimony, after inquiry by this Court to counsel in a letter dated May 28, 1974, and subsequent telephonic inquiry, this Court entered an order on August 14, 1974, therein substituting the State of Missouri as the respondent in the case at bar and directing counsel for petitioner to show cause why the petition herein should not be determined on its merits without reference to the testimony of Dr. Parlato. Counsel for petitioner failed to respond to that show cause order.

Although this Court has provided petitioner with the opportunity to take the deposition of Dr. Parlato and submit the same to this Court, there is no reason to believe that such testimony by Dr. Parlato would be determinative of the issues herein for consideration. Therefore, petitioner having failed to present such testimony in accordance with his burden of proof, the present final judgment was prepared in order to prevent any further delay in the final determination of the merits of the petition herein.

■ Initially, it must be stated that, although petitioner has been discharged from custody, the petition herein for a writ of habeas corpus is not moot. Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); accord, Caffey v. Wyrick, 377 F.Supp. 160 (W.D.Mo. 1974). As a consequence of his conviction, petitioner may not be able to secure employment or engage in certain business, civic and social functions. Because these disabilities may flow from petitioner's conviction, he has ". . . a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him." Fiswick v. United States, 329 U.S. 211, 222, 67 S.Ct. 224, 230, 91 L.Ed. 196, 203 (1946). Therefore, the action is not moot. Carafas v. LaVallee, 391 U.S. 234, 237, 88 S.Ct. 1556, 20 L.Ed.2d 554, 558 (1968); Ginsberg v. New York, 390 U.S. 629, 633–634, 88 S.Ct. 1274, 20 L.Ed.2d 195, 200 (1968), reh. denied, 391 U.S. 971, 88 S.Ct. 2029, 20 L.Ed.2d 887 (1968); United States v. Morgan, 346 U.S. 502, 512–513, 74 S.Ct. 247, 98 L.Ed. 248, 257–258 (1954).

■ The federal habeas corpus statute requires that the petitioner must be "in custody" at the time that the petition for habeas corpus is filed. Further, the statute does not limit the relief that may be granted to discharge from physical or constructive custody. See, Carafas v. LaVallee, 391 U.S. 234, 238–239, 88 S.Ct. 1556, 20 L.Ed.2d 554–559 (1968); Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968); Walker v. Wainwright, 390 U.S. 335, 88 S.Ct. 962, 19 L.Ed.2d 1215 (1968); cf. Ex parte Hull, 312 U.S. 546, 61 S.Ct. 640, 85 S.Ct. 1034 (1941).

In the case at bar, petitioner filed herein his petition for a writ of habeas corpus while he was in custody at the Missouri State Penitentiary at Jefferson City, Missouri. This Court has jurisdiction to consider the merits of the petition herein. Caffey v. Wyrick, 377 F.Supp.

160 (W.D.Mo.1974); Downey v. Missouri Board of Probation and Parole, Civil Action No. 20725–3 (W.D.Mo. April 27, 1974).

A review of the record in the case at bar discloses that petitioner's contentions in support of his petition herein have been adequately exhausted in the Missouri state courts. To save time and unproductive effort and in the discretion of this Court, all of petitioner's contentions will be considered herein on the merits, even though a question exists as to the possibility that the petitioner may have avoided the opportunity to present all the present contentions in his first 27.26 motion, whether for strategic, tactical, or any other reasons that might fairly be described as the deliberate bypassing of adequate and available state court remedies. *See,* Wilwording v. Swenson, 394 F.Supp. 76 (W.D.Mo.1973), affirmed, 505 F.2d 735 (8th Cir. 1974).

■ From a review of the files and records in the case at bar, including the transcript on appeal to the Missouri Supreme Court, it is concluded that this Court may rely on the state records, or in the alternative, independently find the facts from all the evidence in this habeas corpus record if the record is adequate for this purpose, without holding a further evidentiary hearing. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963); Brown v. Swenson, 487 F.2d 1236, 1240 (8th Cir. 1973); In re Parker, 423 F.2d 1021 (8th Cir. 1970); Meller v. Swenson, 309 F.Supp. 519 (W. D.Mo.1969), affirmed, 431 F.2d 120 (8th Cir. 1970), cert. denied, 400 U.S. 996, 91 S.Ct. 469, 27 L.Ed.2d 445 (1971); Brodkowicz v. Swenson, 357 F.Supp. 178, 185 (W.D.Mo.1973); Russell v. Wyrick, Civil Action No. 73CV401–W–3–R (W.D. Mo. July 20, 1974); Johnson v. Wyrick, 381 F.Supp. 747 (W.D.Mo.1974). To the extent that the decision to hold a further evidentiary hearing in the case at bar is discretionary, it is concluded that such a further hearing has not been requested and need not and should not be held. Crosswhite v Swenson, 444 F.2d 648 (8th Cir. 1971); Wilwording v. Swenson, *supra;* Johnson v. Wyrick, *supra.*

In his first ground in support of the petition herein, the petitioner contends that the trial court erred in failing to conduct a hearing on the question of petitioner's competency. In conjunction therewith, petitioner further contends, as an additional ground for relief, that his plea of guilty was an equivocal plea and that a proper determination was not made whether petitioner was mentally competent to enter such a plea of guilty. In support thereof, petitioner cites the cases of Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966) and Brizendine v. Swenson, 302 F.Supp. 1011 (W.D.Mo.1969).

Because the above-noted allegations are interrelated and concern the basic issue of petitioner's mental competency, they will be considered together.

The record presented to this Court reveals that petitioner's Mother came from Germany after World War II, and while the petitioner was a young boy, she married a career soldier in the United States Army who was then stationed at Whiteman Air Force Base. In September of 1960, at a hearing conducted when the petitioner was 12 years old, the Probate Court of Johnson County, Missouri, found that the petitioner was "suffering from a psychiatric or other disease which seriously impairs the mental health of the proposed patient," and ordered that the petitioner be committed to State Hospital No. 1 at Fulton, Missouri. In 1962, petitioner was transferred to State Hospital No. 3 at Nevada, Missouri, and was released therefrom on May 1, 1967. The record further discloses that petitioner's stepfather resented him and apparently sought to be rid of him. After petitioner's release from the State Hospital at Nevada he was sent to a school in Kansas City, Missouri, for training as an auto mechanic, but he left the school after four months and came to Springfield, Missouri, in October of 1967. At the time of his arrest for first degree robbery, petitioner was on

probation on a check charge and had previously received a suspended sentence on a burglary charge, to which he had pled guilty on November 23, 1968.

On January 3, 1969, counsel for petitioner filed a motion in the trial court, therein requesting that a psychiatric examination be made of the petitioner. The motion was granted on that same day and, in accordance with Section 552.-020 [2] of the Revised Statutes of Missouri, V.A.M.S., petitioner was referred to a psychiatrist in Springfield, Missouri.

The record clearly discloses that petitioner was examined by Dr. George S. Parlato, M.D., on January 15, 1969. In addition, petitioner's past mental records were received and reviewed by Dr. Parlato. Thereafter, Dr. Parlato submitted to the trial court his findings in a report dated February 11, 1969. In his report to the trial court, Dr. Parlato made, among others, the following findings:

"  .  .  .  He was alert and conscious throughout the examination. He is fully oriented and speaks clearly, coherently, and relevantly. Memory for some rather significant aspects of his past history was poor, especially for the time he was confined to the state hospitals as noted above. This appears to have been, however, consistent with his attempts to maintain a relatively bright self-image, in contrast to others who have treated him poorly in his estimation. Thus, he describes himself as a victim of unjust discrimination and open rejection by people in authority, and a dupe of so-called 'friends' one of whom allegedly drugged and tricked him. Although he interpreted two proverbs in a concrete manner similarity-dissimilarity tests were handled well and he categorized items in an adequately abstract manner. His fund of information is fairly good in spite of the fact that he states that newspapers and television have not been available. At this present time of examination, he suffers from no delusions or hallucinations.".

Dr. Parlato further reported that petitioner presented an impression of "antisocial reaction." The report concluded by stating that the petitioner "  .  .  . is able to discuss his involvement in the instant alleged offense and he is able to assist his attorney in his own defense."

Petitioner and his appointed counsel received a photocopy of the psychiatrist's report. The record reveals that petitioner read the report and discussed the same with his attorney prior to the entering of the guilty plea. Petitioner and his counsel did not chose to challenge or otherwise controvert the findings and conclusions in the psychiatric report. Therefore, the trial court, after receiving the report and studying the same, found that the petitioner "  .  .  . is capable in assisting in his defense and has no mental illness or handicap which precludes him from understanding the charge, nor did he have such a condition as to preclude him from responsibility for his acts and conduct at the time of the alleged offense."

■ The test of mental competency at the time of trial or the entering of a plea in a criminal case is whether the accused "  .  .  . has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 789, 4 L.Ed.2d 824,

2. Section 552.020 of the Revised Statutes of Missouri, V.A.M.S. provides, in part, that "[w]henever any judge or magistrate has reasonable cause to believe that the accused has a mental disease or defect excluding fitness to proceed he shall, upon his own motion or upon motion filed by the state or by or on behalf of the accused, by order of record, appoint one or more private physicians to make a psychiatric examination of the accused.  .  .  . "

825 (1960). Stated in other words, an accused must be able to understand the nature of the proceedings against him and to assist his counsel in his defense.

Under Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), a *bona fide* doubt as to a. defendant's mental competency to stand trial or enter a plea is established upon the trial court's granting of a motion for a psychiatric examination. This standard is statutory in Missouri pursuant to Section 552.020 of the Revised Statutes of Missouri, V.A.M.S. However, neither Pate v. Robinson, *supra*, Brizendine v. Swenson, *supra*, nor Section 552.020 requires that a hearing be held on the issue of competency if the psychiatric report is not contested.

■ In the case at bar, the psychiatrist concluded in his report that the petitioner did not have a mental disease or defect and that he was competent to understand the proceedings against him and assist in his own defense. This conclusion was not contested by the petitioner or his counsel. Under these circumstances, and in compliance with federal standards, it must be concluded that the trial court did not abuse its discretion or otherwise violate the petitioner's federal rights by not ordering a hearing after receiving and studying the uncontested report of the psychiatrist. Green v. United States, 128 U.S.App.D.C. 408, 389 F.2d 949 (1967); *cf.* Brizendine v. Swenson, 302 F.Supp. 1011, 1019 (W.D.Mo. 1969).

■■ Furthermore, a careful review of the records presented to this Court and petitioner's testimony during the evidentiary hearing held in the case at bar discloses that the petitioner was competent to understand, on a rational and factual level, the nature of the proceedings against him, and to assist his counsel. Wheeler v. United States, 404 F.2d 252 (8th Cir. 1968); John-

son v. Wyrick, 381 F.Supp. 747 (W.D. Mo.1974); United States ex rel. Phelan v. Brierley, 312 F.Supp. 350 (E.D. Pa.1970). The trial court found that petitioner was competent to enter a plea of guilty and the Missouri Supreme Court found that holding not to be clearly erroneous. *See,* Newman v. Missouri, 481 S.W.2d 3, 6–7 (Mo.Sup.1972). The findings of the trial court, as affirmed by the Missouri Supreme Court on the issue of mental competency, are supported by the evidence and further substantiated by the testimony adduced at the evidentiary hearing held by the undersigned Judge on November 9, 1973. Taylor v. Swenson, 458 F.2d 593 (8th Cir. 1972); Tyler v. Swenson, 427 F. 2d 412 (8th Cir. 1970); Brown v. Swenson, 487 F.2d 1236, 1241 (8th Cir. 1973); Johnson v. Wyrick, *supra*; Russell v. Wyrick, *supra*.

■ Petitioner's reliance on his past mental records and the fact that he had previously been admitted to a mental hospital do not establish a case of mental incompetency. Johnson v. Wyrick, *supra*. The presence of some past degree of mental or emotional disorder of a defendant does not prove incompetency to stand trial, nor does the existence of such a past condition necessarily mean that a defendant is incompetent to knowingly and voluntarily enter a plea, as well as aid and assist in a criminal defense. United States v. Wheeler, 404 F.2d 252, 254 (8th Cir. 1968); Butler v. United States, 384 F. 2d 522 (8th Cir. 1967); Hall v. United States, 410 F.2d 653 (4th Cir. 1969), cert. denied, 396 U.S. 970, 90 S.Ct. 455, 24 L.Ed.2d 436 (1969); Wolf v. United States, 430 F.2d 443, 445 (10th Cir. 1970); Johnson v. Wyrick, *supra*.

On the record and evidence before this Court, it is concluded that petitioner was competent to understand the nature of the proceedings against him and to knowingly and voluntarily enter a plea, as well as aid and assist his counsel in his defense. Petitioner's first ground

for relief is insufficient to warrant the granting of habeas corpus relief.[3]

In his second ground for relief, petitioner contends that he was denied due process in that he was never advised of the ranges of punishment for first degree robbery, and that he did not enter a voluntary plea of guilty after proper advisement and waiver of his Constitutional rights.

A review of the record of the trial court proceedings reveals that on February 21, 1969, the petitioner and his counsel appeared before the Honorable Jack A. Powell, Circuit Judge. Petitioner's attorney advised Judge Powell that petitioner wished to withdraw his plea of not guilty and enter a plea of guilty to the first degree robbery charge. During his thorough examination of the petitioner, Judge Powell advised the petitioner that: (1) he was entitled to a jury trial; (2) that there were "certain instances in which the jury would assess the punishment rather than the Court if they found [petitioner] guilty"; and (3) that upon the entering of a guilty plea, "it will be the duty of the Court to assess the punishment." Judge Powell further inquired whether: (1) any promises had been made to the petitioner in order to have the petitioner consider entering a plea of guilty; (2) whether anyone had indicated to the petitioner what the Court would or would not do if a plea of guilty was entered; (3) whether anybody had suggested to the petitioner or made any veiled threats that if he did not enter a plea of guilty and insist on a jury trial, that things would "go tough" with petitioner; (4) whether petitioner was considering entering the plea of guilty of his own free will and accord; and (5) whether the entering of the plea of guilty was based on the fact that petitioner realized he was guilty as charged.

The first degree robbery charge was then read by the Court and petitioner was given an opportunity to state whether anything stated in that charge was not correct. The prosecutor was then permitted to state the facts underlying the charge. Petitioner was again questioned as to the correctness of the charge and the facts on which that charge had been based. Petitioner then entered a plea of guilty to the charge and sentence was imposed.[4]

Since petitioner's plea was entered prior to the decision in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), that decision has no application to the case at bar. Meller v. Swenson, 309 F.Supp. 519 (W.D.Mo. 1969), affirmed, 431 F.2d 120 (8th Cir. 1970), cert. denied, 400 U.S. 996, 91 S. Ct. 469, 27 L.Ed.2d 445 (1971); Crosswhite v. Swenson, 444 F.2d 648 (8th Cir. 1971); Brown v. Swenson, 487 F. 2d 1236, 1240 (8th Cir. 1973); Russell v. Wyrick, supra. The rule of McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), which requires literal compliance with Rule 11 of the Federal Rules of Criminal Procedure, is not applicable in the case at bar by reason of its nonretroactivity. Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969), reh. denied, 395 U.S. 971, 89 S.Ct. 2106, 23 L.Ed.2d 761 (1969). "The determinative question in the present case is whether under the totality of the circumstances the petitioner's plea was entered knowingly and voluntarily." Brown v. Swenson, 487 F.2d 1236, 1240 (8th Cir. 1973); Meller v. Swenson. supra; Russell v. Swenson, supra.

Based on the record presented to this Court, it is concluded that the evidence reliably proves that the petitioner's plea of guilty was voluntary and intelligently made with the advice of

---

3. The record reveals that petitioner met the eight tests set forth in the case of Wieter v. Settle, 193 F.Supp. 318, 321–322 (W.D.Mo. 1961).

4. The burden is on the state to prove that the plea of guilty was knowingly, intelligently and understandingly made. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L. Ed.2d 70 (1962).

counsel, and resulted from the knowledge of the strength of the state's case against the petitioner. Brown v. Swenson, 487 F.2d 1236, 1241 (8th Cir. 1973); Sappington v. United States, 468 F.2d 1378 (8th Cir. 1972), cert. denied, 411 U.S. 970, 93 S.Ct. 2164, 36 L.Ed.2d 693 (1973); Kotz v. United States, 353 F.2d 312 (8th Cir. 1965); Russell v. Wyrick, *supra*; *see also*, Redus v. Swenson, 339 F.Supp. 571 (E.D.Mo.1972), affirmed, 468 F.2d 606, 607 (8th Cir. 1972), cert. denied, 411 U.S. 933, 93 S. Ct. 1906, 36 L.Ed.2d 393 (1973). The inquiry conducted by the trial court more than complied with the minimum federal standards then in effect, whereby the court was obliged only to satisfy itself by "appropriate" questioning that the plea was freely and voluntarily made. Smith v. United States, 339 F.2d 519 (8th Cir. 1964); Turner v. United States, 325 F.2d 988 (8th Cir. 1964); Bone v. United States, 351 F.2d 11 (8th Cir. 1965); Williams v. Missouri, Civil Action No. 19562–3 (W.D.Mo. May 31, 1974); Russell v. Wyrick, *supra*. It is further concluded that the taking of petitioner's plea and the inquiry by the trial court was proper under *both* the "totality of the circumstances" test and Boykin v. Alabama, *supra*. The findings on these issues by the trial court and the Missouri Supreme Court are reliable and are amply supported by the evidence. Brown v. Swenson, *supra*; Taylor v. Swenson, 458 F.2d 593 (8th Cir. 1972); Russell v. Wyrick, *supra*. Petitioner's second ground for relief is insufficient to warrant the granting of habeas corpus relief herein.[5]

In his third ground for relief, petitioner contends that he was subjected to cruel and unusual punishment and denied due process and equal protection of the law in that he received a longer prison term than the terms received by his codefendants on the same charge.

It is generally held that the severity of a sentence alone cannot constitute grounds for relief in habeas corpus. Jackson v. Myers, 374 F.2d 707 (3rd Cir. 1967); Sheldon v. Nebraska, 401 F.2d 342 (8th Cir. 1968); Avent v. Peyton, 294 F.Supp. 262 (E.D.Va.1968); see also, United States ex rel. Burgess v. Rundle, 308 F.Supp. 1338 (E.D.Pa.1970). A state sentence which is clear and unequivocal cannot be lightly set aside. *See*, Walker v. Bishop, 408 F.2d 1378 (8th Cir. 1969); Strickland v. United States, 295 F.2d 186 (8th Cir. 1961). Furthermore, a sentence which has been imposed which is within the statutory limits proscribed by the statutes for the offense committed is ordinarily not to be attacked as excessive or otherwise regarded as cruel or unusual. United States v. Tobin, 429 F.2d 1261, 1265 (8th Cir. 1970); Heath v. United States, 375 F.2d 521 (8th Cir. 1967); Johnson v. United States, 318 F.2d 855 (8th Cir. 1963); Egan v. United States, 268 F.2d 820 (8th Cir. 1959) cert. denied, 361 U.S. 868, 80 S.Ct. 130, 4 L.Ed.2d 108 (1959); Johnson v. United States, 126 F.2d 242, 251 (8th Cir. 1942); Gurera v. United States, 40 F.2d 338 (8th Cir. 1930).

The record reveals that the petitioner received a seven year sentence for having committed the offense of first degree robbery. Petitioner's sentence was well within the statutory range of punishment provided by Section 560.135 of the Revised Statutes of Missouri, V.A. M.S. That Section provides that anyone convicted of robbery in the first degree shall be punished by imprisonment in the penitentiary for not less than five

---

5. To the extent that the second ground in support of the petition herein might possibly encompass the related claim that the advice of appointed counsel to plead guilty was not within the range of competence demanded of attorneys in criminal cases, it is hereby concluded that such a claim is without merit or support in the record, and it has also not been presented or exhausted in the Missouri state courts. Tollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

years. *See*, Missouri v. Brownridge, 459 S.W.2d 317 (Mo.Sup.1970); Missouri v. Eckenfels, 316 S.W.2d 532 (Mo.Sup. 1958); Newman v. Missouri, 481 S.W.2d 3, 7 (Mo.Sup.1972).

The record shows that the sentencing Judge took into consideration the background of the petitioner, and also the fact that petitioner was on probation for a previous offense at the time he committed the offense in question. The record does not disclose, nor does the petitioner allege herein, that the sentence received by the petitioner was illegal or the result of bias, prejudice or some form of retributive intent on the part of the sentencing Judge.

It should further be noted that petitioner himself states that, of the three other codefendants, one received immunity from prosecution for becoming a witness for the state, and the other two were charged with the lesser offense of receiving stolen money. None of the three other codefendants were charged with the offense of first degree robbery, as was the petitioner. Thus, petitioner's contention that he was denied equal protection because he received a greater prison term than any of the three other codefendants, is without merit.

Under these circumstances it must be concluded that the petitioner has failed to sufficiently state any legal or factual contentions or exceptional circumstances which would warrant the granting of habeas corpus relief with respect to ground three. Sheldon v. Nebraska, *supra*; Miller v. Gladden, 341 F.2d 972 (9th Cir. 1965); United States ex rel. Campbell v. Hill, 72 F.2d 549 (3rd Cir. 1934), cert. denied, 293 U.S. 615, 55 S. Ct. 148, 79 L.Ed. 704 (1934); United States v. Tobin, 429 F.2d 1261, 1265 (8th Cir. 1970).

For all the foregoing reasons, it is therefore

Ordered and Adjudged that the petition herein for a writ of habeas corpus be, and it is hereby denied.